John G. McDermott, Appellant, vs. Frank Burke, Appellee.

*Opinion filed December 17, 1912.*

1. Negligence—*when a refusal to allow the plaintiff to show there was no playground near building is not error.* In an action against a building contractor to recover damages for an injury to a small child, who, while playing in the building, was injured by exposed machinery alleged to be attractive to children, it is not error to refuse to allow the plaintiff to prove what was across the streets near the building, for the purpose of showing that there was no playground for children except the streets and sidewalks, where he has already proved facts showing the location of the building with reference to the street and other public places where children had a right to be.

2. Same—*what does not show that trial court weighed the evidence in directing a verdict.* The fact that the trial court, in an action for damages for a personal injury, refused to direct a verdict for the defendant at the close of the plaintiff's evidence but directed such a verdict at the close of all the evidence, does not, of itself, show that the trial court weighed the evidence, and if the verdict was properly directed it is not error for the Appellate Court to affirm the judgment.

3. Same—*general rule as to duty of an occupant of premises to trespassers.* The owner or occupant of private grounds is under no obligation to keep them in any particular condition to promote the safety of trespassers, intruders, idlers, bare licensees or others who come upon them without any express or implied invitation; and this rule applies equally to adults and children.

4. Same—*duty of occupant of premises to those coming there by invitation.* The owner or occupant of premises is bound to use reasonable care to keep them safe for those who come upon them by his invitation, express or implied, and any failure of his duty in that regard will render him liable for a consequent injury to a person who was without negligence or fault.

5. Same—*doctrine of "attractive nuisances."* In Illinois, if the owner or occupant of premises leaves a dangerous machine or appliance exposed under such conditions that it may be reasonably anticipated that children of such tender age as to be incapable of exercising proper care for their safety may by their own instincts be attracted to the dangerous thing and thereby exposed to danger, he will be liable for a resulting injury.

256 — 26

6. Same—*what is necessary element of liability for an injury from exposed appliance.* It is a necessary element of the liability of an owner of premises for an injury to a child playing with a dangerous appliance, that the appliance be such a thing as the owner might anticipate would be attractive to children and be so located as to attract them from the street or some public place where they have a right to be, and he is not liable for maintaining a dangerous thing for his own use, which could only be found by children going upon the premises as trespassers.

7. Same—*it is essential to liability that the attractive thing be the proximate cause of the injury.* In order that the owner of premises who maintains a dangerous appliance thereon may be held liable for an injury to a child, it is essential that the thing which attracted the child upon the premises, or something inseparably connected therewith, be the proximate cause of the injury; and such is not the case where a child, attracted by a sand pile on the floor of an unfinished building, leaves the sand pile and goes some distance away to a cable and sheaf used in hoisting material, and is injured thereby.

8. Same—*when a contractor is not bound to barricade door of unfinished building.* A contractor engaged in constructing a building is under no obligation to barricade one of the doors to keep children from coming in and playing in a pile of sand on the floor, where the sand pile is not dangerous and can cause no injury to anyone, and where the door was in use by workmen engaged in wheeling bricks into the building.

Appeal from the Branch "B" Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. Edward M. Mangan, Judge, presiding.

John P. Ahrens, for appellant.

Frank M. Cox, and R. J. Fellingham, for appellee.

Mr. Justice Cartwright delivered the opinion of the court:

The appellant, John G. McDermott, suing by his next friend, brought this action on the case in the circuit court of Cook county against the appellee, Frank Burke, to re-

cover damages for injuries to his left hand, resulting in the amputation of two fingers. The court, upon a trial of the issue formed by the declaration and a plea of the general issue, directed the jury to return a verdict of not guilty, which was done, and judgment was entered on the verdict. The Appellate Court for the First District affirmed the judgment and granted a certificate of importance and an appeal to this court.

The declaration charged the defendant with negligence in permitting the doorway of a building in the course of construction to be open and not barricaded, and a cable and sheave, operated by horse power and used in hoisting material from one floor to another, and which were attractive to children, to be exposed and not guarded or shielded so as to prevent children from having their fingers cut off thereby, and alleged that the plaintiff entered the building and placed his left hand on the cable while it was not in operation, and the cable and sheave were suddenly and without warning to him started, whereby his hand was injured.

The evidence most favorable for the plaintiff tended to prove the following facts: On the north-west corner of VanBuren street and Albany avenue, in Chicago, there was a parish school, attended by from one thousand to fifteen hundred children, and the building stood back six feet from the street line of the avenue. North of the school building there was an open space of sixteen feet, and next north of that open space the Servite Fathers of West Chicago were erecting a parish hall standing fourteen feet back from the street line of the avenue, with a frontage of one hundred feet on the avenue and a depth of about one hundred and twenty-five feet. The defendant was contractor for the masonry and brick work on the parish hall, which was to be three stories high when completed. The walls had been laid to the tops of the windows of the second story and brick and mortar were being elevated from the first

floor to the second floor. There was a cable running over a sheave or grooved wheel and operated by horse power, for hoisting the brick and mortar to the second floor. A man led the horse back and forth, and when one elevator went up another came down, and such action was frequent. Teams hauled in sand through the back door and deposited it near the center of the building, making a sand pile there, near a mortar bed. The brick were unloaded in the street in front of the building and were wheeled in through a door, which was left open. According to the testimony of the plaintiff the sheave was within twelve or fifteen feet of the sand pile, and his testimony is to be taken as true, although a number of witnesses for the defendant testified that it was thirty or forty feet from the sand. On September 9, 1908, plaintiff was attending the parish school, and it was the third day after the school commenced. The children were let out for the noon recess at half-past eleven, and the plaintiff, who was seven years old, went into the building and played on the sand pile for a short time. There were about fourteen children playing there when he left the sand pile and went to the sheave and cable and put his hand on the cable. When the horse started the cable to elevate material his hand came between the cable and sheave, causing the injury.

Preliminary to the question whether the court erred in directing a verdict, it is insisted that there was error in not permitting the plaintiff to prove what there was across Albany avenue and across VanBuren street, for the purpose of showing that there was no playground for the children except the streets and sidewalks. The plaintiff was permitted to prove the location of the school house, the open space in front of it, the space between it and the parish hall, the width of the street, and that there were derricks across the street. All that was material was the location of the building with reference to the street or some public place where children had a right to be, and

the fact that there was no playground did not impose any duty on the defendant to furnish one inside of the building. The court did not err in excluding any further evidence on the subject.

It is next urged that inasmuch as the court refused to direct a verdict at the close of the plaintiff's evidence, the court must have weighed the evidence and decided upon the preponderance in directing a verdict at the close of all the evidence. There is nothing in the record to indicate that the court directed a verdict because there was a preponderance of the evidence in favor of the defendant, and undoubtedly that was not the fact, but whatever may have been in the mind of the court, if the verdict was properly directed the Appellate Court did not err in affirming the judgment.

As a third proposition, counsel says that the direction to the jury was not warranted, on the ground that the court, after overruling a demurrer to the declaration, concluded that it did not state a cause of action. The ruling on the demurrer shows that the court regarded the declaration as stating a good cause of action, and the question considered on the motion to direct a verdict was whether there was any evidence fairly tending to support it.

After presenting these preliminary questions counsel contends that there was evidence fairly tending to sustain the cause of action alleged, and that is the only real question in the case. It is an unquestioned general rule that the owner or occupier of private grounds is under no obligation to keep them in any particular state or condition to promote the safety of trespassers, intruders, idlers, bare licensees, or others who come upon them without any invitation, either express or implied; and this general rule applies equally to adults and children. On the other hand, the courts are agreed that the owner or occupier is bound to use reasonable or ordinary care and prudence to keep his premises safe for the benefit of those who come upon

them by his invitation, either express or implied, and any failure of duty in that regard will make him liable to any one injured without negligence or fault. There is a difference of opinion between the courts as to the liability of an owner or occupier of premises who maintains thereon some machine or other thing which is especially attractive to children, who, in obedience to their childish instincts, are likely to be drawn to it but which is dangerous to them. Such machines or other dangerous things are often described as "attractive nuisances," and although not limited to turn-tables their nature is illustrated by the turn-table cases, which have been the subject of much controversy. The owner of real estate is clearly entitled to its reasonable use and to apply it to such business or use as may be beneficial to him without liability to trespassers or bare licensees, but there are different views as to whether the maintenance of something dangerous to children, so exposed and in such a position as to be attractive to them, constitutes an implied invitation, which relieves them of the character of such trespassers or bare licensees. Under our decisions, which are most liberal to children, if the conditions are such that the owner may reasonably anticipate that children of such tender age as to be incapable of exercising proper care for their own safety may by their own instincts be attracted to the dangerous thing and thereby exposed to danger, he will be liable for an injury to a child so attracted, resulting from leaving the machine or dangerous thing exposed. Under such circumstances he would have good reason to expect that children, from their well known habits and nature, would be attracted to the dangerous thing, and its maintenance would amount to an implied invitation to them, so that they cannot be regarded as voluntary trespassers. (*City of Pekin* v. *McMahon,* 154 Ill. 141.) It is a necessary element of the liability that the thing which causes the injury is tempting to children and to constitute a means of attracting them upon the

premises which the owner should anticipate. The dangerous thing must be so located as to attract them from the street or some public place where they may be expected to be. An owner would not be liable if he maintained something for his own use which might be dangerous but which would only be found by children going upon his premises as trespassers. It was on this ground that the owner of the turn-table in *St. Louis, Vandalia and Terre Haute Railroad Co.* v. *Bell,* 81 Ill. 76, was held not guilty of such want of care as would lawfully charge it with damages for the accident. In that case the turn-table was not near any public street nor in a place where the public were in the habit of passing. In this case the evidence did not tend to show that there was anything attractive to the children about the cable and sheave, or even that they could be seen from the street, so as to attract children if they had been of an attractive nature. The evidence did not show that a child could play with the cable and sheave, or that any child had at any time attempted to play with them or been attracted to them in any way. The declaration alleged that the sheave was a thing attractive to children, but there was an entire failure of any evidence to prove the fact. Unlike a turn-table, which children can use to ride upon, there was nothing about the cable and sheave with which they could play. Another essential condition to liability is that the attractive thing, or something inseparably connected with it, must be the proximate cause of the injury. (*Seymour* v. *Union Stock Yards and Transit Co.* 224 Ill. 579.) In this case the only thing attractive to children was the sand pile, which was not dangerous, and there was no wrong in maintaining it unguarded. The sand pile was tempting to children on account of their natural instincts, but it was not dangerous in any sense and caused no injury. The declaration charged as negligence that the door through which brick were wheeled into the building was not barricaded to keep children out, but the evidence

showed, without question, that it could not have been barricaded while the workmen were wheeling in brick from the street, and there was no duty to keep it barricaded on account of any attraction of the sand pile, for the reason that the sand pile was not dangerous to children. There was a failure of any evidence tending to sustain the cause of action, and that being so, it was the duty of the court, at the request of defendant, to direct a verdict of not guilty.

The judgment is affirmed.        *Judgment affirmed.*