## Mae Kalman, Administratrix, Plaintiff in Error, v. Max Cohen et al., Defendants in Error.

### Gen. No. 6,255.

1. NEGLIGENCE, § 19*—*what constitutes an attractive nuisance.* To bring a case within the attractive nuisance doctrine, the dangerous thing must be so located as to attract children from the street or some public or other place where they may be expected to be, and an owner would not be liable if he maintained something for his own use which might be dangerous but would only be found by children going on his premises as trespassers.

2. NEGLIGENCE, § 125*—*when declaration insufficiently alleges existence of attractive nuisance.* Where the declaration alleged the defendants possessed a building in which they stored old rags, saturated with grease, and old papers, with open doors; that the contents were attractive to children; that they, with defendants' knowledge, were accustomed to play among such contents; that plaintiff's intestate was a child six years old and was killed while playing in such building by a fire starting therein from a locomotive engine or blast furnace in the vicinity, *held* that there was nothing dangerous to children about such contents of the building and no liability to injury from children playing with such contents, and demurrer to the declaration was properly sustained.

Error to the Circuit Court of Warren county; the Hon. ROBERT J. GRIER, Judge, presiding. Heard in this court at the April term, 1916. Affirmed. Opinion filed October 12, 1916.

C. M. HUEY and HANLEY & COX, for plaintiff in error.

SAFFORD & GRAHAM, for defendants in error.

MR. JUSTICE DIBELL delivered the opinion of the court.

Mae Kalman, administratrix, sued Cohen Brothers for causing the death of Sol Kalman, her intestate. A demurrer to an amended declaration of nine counts was sustained, plaintiff abided by her declaration, and defendants had judgment in bar, from which plaintiff

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

prosecutes this writ of error. Each count charged sufficiently that defendants possessed a building in the City of Monmouth in which they had stored old rags saturated with grease, and old papers; that the doors of the building were open; that its contents were attractive to children of tender years; that such children were with the knowledge of defendants accustomed to enter said building and to play among said papers and rags; that said child was only six years old and was attracted to said building by said contents; and that while playing there, said rags and paper caught fire and he was burnt and thereby lost his life. Some counts averred that he was too young to exercise any care for his own safety and others that he exercised such care as a child of that age would exercise.

Some allegations are clearly insufficient. One count charged that the fire was caused by spontaneous combustion of said rags and paper, without any fact being averred which should charge defendants with a knowledge that it might be so ignited. Another count charged that the fire was caused by accident, without stating any fact to charge defendants with notice that a fire might be so caused. Several counts set up an ordinance of the City of Monmouth requiring dealers in old iron, rags and paper to take out licenses as junk dealers and averred that defendants had not taken out such a license. The ordinance was not intended for protection against fire and no fact is alleged tending to show that this fire was caused by the lack of a license. One count charged that west of the building were old iron and junk which made it difficult to get to the building from a certain street and prevented people from reaching the building on the west when the fire occurred. These allegations contained nothing to charge defendants with liability for the death of this child. One count implies that the father of the child owned the building. It either must be understood from that count that defendants were lawfully

occupying the building or else that it was the duty of the father to keep the doors closed. With these charges ignored, there still remain counts which contain a part of the elements required by the law, as laid down in what are known as the "turntable" cases, and it must be conceded that the decisions in this State are very liberal to children injured because of attractive nuisances. Two elements, however, required in *McDermott v. Burke,* 256 Ill. 401, are omitted from this declaration. It is there held that the dangerous thing must be so located as to attract children from the street or from some public or other place where they may be expected to be, and that an owner would not be liable if he maintained something for his own use which might be dangerous but which would only be found by children going upon his premises as trespassers. No allegation in this declaration shows deceased attracted into this building from the street or from the premises where his parents lived in front of this building. It is also there held that it is essential to liability in such a case that the attractive thing or something inseparably connected with it must be the proximate cause of the injury. Here the cause of the injury alleged in all the counts in which defendants might otherwise be liable was a spark from a locomotive engine or from a blast furnace in the neighborhood. There was nothing dangerous to children about the old rags nor the old papers and nothing is charged that would make a child liable to injury by playing with the contents of the building. In this respect this case is wholly different from the "turntable" cases. Probably every barn in the country contains things attractive to children, but it does not follow therefrom that the owner is obliged to keep its doors closed or barricaded under the penalty of being liable if a tender child is injured therein. We are of opinion that the demurrer was properly sustained.

The judgment erroneously awarded execution against the administratrix, but that error is not argued nor assigned for error and it is therefore waived.

The judgment is affirmed.

*Affirmed.*