**Ellen White, by Mary F. White, Plaintiff in Error, v. Frank T. Boydston and John W. Snyder, Defendants in Error.**

**Gen. No. 21,728.**

1. NEGLIGENCE, § 19*—*what constitutes an attractive nuisance.* A material hoist and the wheel over which the cable used to operate it passes, which are being used in the construction of a building and are visible from the street the building fronts upon, and accessible to children who go in to use it through unprotected openings in the building for windows and doors, constitute an "attractive nuisance."

2. NEGLIGENCE, § 19*—*what is part of attractive nuisance.* A wheel inseparably connected with a mechanism which constitutes an "attractive nuisance" must be regarded as a part thereof.

3. NEGLIGENCE, § 19*—*what does not relieve owner of attractive nuisance from liability for injury to child.* One maintaining an "attractive nuisance" is not relieved from liability for injury to a child caused by it by the fact that the child was first attracted to the street, from which the "attractive nuisance" was visible, by the noise of other children and thereafter went upon the premises containing the mechanism.

Error to the Superior Court of Cook county; the Hon. BEN M. SMITH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1917. Reversed and remanded. Opinion filed January 31, 1918. Rehearing denied February 7, 1918.

EDWARD J. KELLEY, for plaintiff in error.

BUSBY, WEBER & MILLER and ARTHUR J. DONOVAN, for defendants in error.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

The judgment below was entered on a directed verdict for defendants at the close of plaintiff's evidence, in an action brought while plaintiff was a minor, to recover damages for a personal injury resulting in

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the loss of her finger under the following circumstances:

Defendants were engaged in the construction of a building fronting on a street and running back to an alley. The walls had been built up to the second story and had openings for doors and windows along the street and alley sides through which boys entered, when the workmen were absent, to play upon a hoist or elevator used for lifting material to the second story. The hoist was inside near the front entrance and operated by a cable that passed over a wheel near the rear entrance of the building. In the course of operation as one platform ascended the other descended. When the boys went in to play they would first release a pin that held the platforms stationary when not in use, and then would climb to the second story by a ladder, get on the upper platform, and their weight caused it to descend. After so descending they would return to the second floor and repeat the operation. Plaintiff, then a child about 8 years old, hearing their noise and laughter, went from her home, which was across the alley from the building, and entering it from the alley watched the boys for awhile as they thus caused the movement of the platforms and consequent revolutions of the wheel, and, placing her hand on the wheel when it stopped, received the injury when it was again so set in motion. She had never been in the building before and had no knowledge of the existence of the hoist or wheel until she got there on this occasion. While there was no direct evidence of the visibility of the hoist from a public place, the circumstances of the proximity of the building to the street and alley, its unfinished condition, and wide, unobstructed openings, support the inference that the platforms could be seen from both the street and alley.

The declaration was predicated upon the theory of an attractive nuisance, and charges the defendants

with negligence in permitting the windows and doorways and the elevator and its attachments to be unprotected and unguarded under such circumstances,

Inasmuch as the platforms would naturally thus be used by boys, and could be seen from a public street, the mechanism would seem to come within the category of "attractive nuisances." And as the wheel was inseparably connected therewith we think it must be regarded as a part of it, thus differing in that important respect from the case of *McDermott v. Burke,* 256 Ill. 401, cited by defendants in error.

But it is strenuously urged by defendants in error that the little girl was not attracted by the mechanism itself but by the boys' laughter and "hollering," she having testified that she "went over to see what they were hollering about," and that therefore there was no implied invitation to her to enter the building, and no corresponding duty owing to her by defendants in error. We think it is immaterial what induced her to go to the street or alley, where, she had a right to be, if when there she was tempted to enter the building by the attractive thing and injured by it. Hence, as there was evidence tending to show she was allured and injured by an "attractive nuisance," the court erred in directing a verdict and the judgment must be reversed and the cause remanded.

*Reversed and remanded.*