**Elhanan W. Colby, Administrator, Defendant in Error, v. Chicago Junction Railway Company, Plaintiff in Error.**

### Gen. No. 25,181.

1.  RAILROADS, § 519*—*what protection is required as to children playing about cars.*  A railroad company is not required to fence and guard its yards and tracks so securely as to prevent entrance by children, and need not provide greater protection to children playing about its cars than is owed to ordinary trespassers.

2.  RAILROADS, § 519*—*what is duty to minors trespassing on right of way.*  The duty which a railroad company owes to minors trespassing upon its right of way is to refrain from willingly and wantonly inflicting injury.

3.  RAILROADS, § 519*—*steel coal car with holes or openings in bottom is not attractive nuisance.*  A steel railroad car of the ordinary type used for carrying coal which has holes or openings in the bottom of the car, furnished with steel lids fitted with hinges, so

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

that such lids may be raised and fastened against the inside of the car, is not an attractive nuisance, since the car itself cannot be claimed to be attractive, and the holes or lids covering the same are hidden from sight and may be discovered only by the exercise of considerable physical agility.

4. Railroads, § 519*—*iron lid intended to cover holes in bottom of steel coal car as not attractive nuisance.* An appliance such as an iron lid intended to cover holes in the bottom of a steel railroad car used for carrying coal, which lid may be raised and fastened to the inside of the car by a hasp or pin, cannot be held to be a nuisance attractive to children, as such an appliance can have no more attraction than an ordinary door.

5. Railroads, § 567*—*when declaration in action for death of 8-year-old child killed by falling of lid in bottom of coal car is demurrable.* A declaration in an action for the death of an 8-year-old child who was killed while trespassing on railroad property, and while in an ordinary steel railroad car used for carrying coal, by the falling of a large lid or door covering a hole or opening in the floor of said car, is demurrable as failing to present any legal liability on the part of the railroad company, neither the car nor the lid being an attractive nuisance.

Dever, J., dissenting.

Error to the Superior Court of Cook county; the Hon. Joseph B. David, Judge, presiding. Heard in this court at the October term, 1919. Reversed and judgment of *nil capiat.* Opinion filed January 12, 1920.

Winston, Strawn & Shaw, for plaintiff in error; John D. Black, of counsel.

S. P. Douthart and Fred C. Smith, for defendant in error.

Mr. Presiding Justice McSurely delivered the opinion of the court.

Defendant seeks by this writ of error to have reversed a judgment against it for $2,500, in an action brought for the death of Wladyslaw Nowakowski, a minor, by the alleged wrongful act of the defendant in maintaining an attractive nuisance.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Plaintiff filed an amended declaration in one count charging that on May 20, 1914, the defendant was a railroad corporation operating a certain railroad yard for storing railroad cars and possessing certain freight cars upon certain tracks near 23rd and Fox streets in Chicago; that the yard and tracks were in a populous part of Chicago, where many people lived, and the children were in the habit of playing upon the streets and in the said yard and upon the railroad tracks and in and upon the cars, which the defendant had known for a long time; that on the day in question there was in the yard a certain freight car constructed of iron and which had holes or openings in the bottom of the car which were furnished with lids or covers that would lower so as to close said openings, the lids being of steel and of a weight of 300 pounds and of the width and length of 4 feet, and fitted with hinges so that when raised the lids would stand against the inner side of the car and were there held in position by latches or pins, and when raised would leave the hole in the bottom of the car so that it would be and was a nuisance and dangerous to the lives of children of tender years who might be attracted thereto, and that it was an attractive nuisance; that it caused children of tender years to be attracted thereto and to play therewith, and to climb up into and go down out of said car through the openings, all of which the defendant knew, or by the exercise of reasonable care could have known; that before and at the time in question the said lids or covers had been raised up and were held in position by pins which could easily be pulled out by a child of tender years, and thereby cause the lids or covers to fall upon the bottom of the car; that it was the duty of the defendant to have the yard, railroad tracks and cars securely fenced, inclosed and guarded so as to prevent and hinder children of tender years from playing upon said tracks and upon said cars and to have a competent watchman to guard said yard, cars and tracks, and to prevent children of ten-

der years from playing upon said tracks and cars, and to have said lids or covers, when raised, securely locked, fastened or secured, so that children of tender years could not unlatch or unlock the same and allow them to fall, and also to have said lids laid down on the bottom of the car and said openings closed. Yet the defendant negligently failed in its duty to have said yard and tracks securely fenced, inclosed or otherwise guarded, and failed to have said lids or covers when raised securely locked, fastened or guarded, so that children of tender years could not unlatch or unlock them and allow them to fall, and failed to have said lids laid down so as to close the opening in the bottom of the car, in consequence of which Wladyslaw Nowakowski, a child of 8 years, while exercising ordinary care and discretion for one of his age, intelligence, capacity and experience, was attracted to said dangerous nuisance and into said freight car, and while down on the floor of the car went into one of the openings in said floor, and another child of tender years, incapable of exercising ordinary care and discretion, unlocked or unfastened the lock or fastening of said lid, so that it fell upon Wladyslaw Nowakowski and he was killed.

With this declaration and as a part of it were filed five photographic exhibits which show various views of the car, the lids, and the latch or pin used to fasten the lids in a raised position.

To this declaration a general demurrer was filed which was overruled. The defendant elected to stand by the demurrer. The case was then submitted to the court for trial without a jury upon the question of assessment of damages, which were assessed at the sum of $2,500. Motions for a new trial and in arrest of judgment were made and overruled and judgment entered against the defendant.

The questions for determination are whether it was the duty of defendant to fence its tracks and cars at

the point in question, and whether the car as described and photographed in the declaration comes within the doctrine of an attractive nuisance.

We know of no rule which requires a railroad company to fence and guard its yards and tracks so securely as to prevent entrance by children. In many decisions the courts have recognized the physical impossibility of doing this and have held that the company is under no duty to provide protection to children playing about its cars greater than its duty to ordinary trespassers. (*Chicago, R. I. & P. R. Co. v. Eininger,* 114 Ill. 79; *Chicago & A. R. Co. v. McLaughlin,* 47 Ill. 265; *Chicago, B. & Q. R. Co. v. Stumps,* 55 Ill. 367; *Gavin v. City of Chicago,* 97 Ill. 66; *Northwestern El. R. Co. v. O'Malley,* 107 Ill. App. 599.)

The only duty which a railroad company owes to a minor trespassing upon its right of way is not willingly and wantonly to inflict an injury. (*Wabash R. Co. v. Jones,* 163 Ill. 167; *Illinois Cent. R. Co. v. O'Connor,* 189 Ill. 559; *Illinois Cent. R. Co. v. Eicher,* 202 Ill. 556; *Bartlett v. Wabash R. Co.,* 220 Ill. 163.)

We do not believe that the doctrine of attractive nuisance can be extended to include the railroad car now under consideration. It is of the usual type of steel car, ordinarily carrying coal. From the photographs the distance from the bottom of the car to the ground appears to be between 3 and 4 feet; the sides of the car extend upwards about 4 feet. It is therefore quite evident that the particular thing which caused the injury in question, namely, the lids, could not be seen by any one, whether a child or adult, until he had climbed up over the side of the car, a climb of approximately 8 feet. This brings this case within the rule stated in *McDermott v. Burke,* 256 Ill. 401, in which it was held that the dangerous thing must be so located as to attract children from a public street or a place where the public was in the habit of passing. It cannot be claimed there was anything attractive in law in the car itself, and the appliance which caused

the injury was so hidden from sight as to be discovered only by the exercise of considerable physical agility.

We are further of the opinion that the appliance itself cannot properly be called an attractive nuisance. It was simply an iron lid intended to cover holes in the bottom of the car; when raised it was kept in place by an ordinary hasp and pin. This could not reasonably have attractive qualities to children playing near by. It would have no more attraction than an ordinary door or other appliance in frequent use. We know of no case which has held such a simple appliance or anything like it to be an attractive nuisance, and we do not see how it could reasonably be so held. This also applies to the holes in the bottom of the car.

Upon the facts alleged in plaintiff's declaration, the demurrer should have been sustained on the ground that no legal liability upon the defendant was presented.

The judgment of the trial court is reversed, and as no better case can be made for the plaintiff, judgment of *nil capiat* will be entered in this court.

*Reversed and judgment of nil capiat.*

MR. JUSTICE DEVER dissents.