(No. 987— ▮▮▮▮▮▮)

ALBERT GRAHAM, BY WILLIAM GRAHAM, HIS NEXT FRIEND, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 10, 1927.*

ELLEN M. ROURKE, for claimant.

OSCAR E. CARLSTROM, Attorney General; FRANK R. EAGLE-TON, Assistant Attorney General, for respondent.

Mr. CHIEF JUSTICE CLARITY delivered the opinion of the court:

It appears that claimant, a boy about 13 years of age in company with two companions of about the same age, on the afternoon of Sept. 28th, 1925, went on the State Fair Grounds at Springfield, climbing a gate to get in the premises, although it was shown that it was the custom to keep another gate open at another entrance. The object of the trip according to the statements of the three boys, was to find "feathers to make some Indian hats." While going about the grounds for feathers they found several small cans containing liquid which they took to be coal oil. Further on they found a large can also containing liquid, which they thought was water and which they poured out, in order to pour the contents of the smaller cans into the larger can. They carried the larger can a short distance when the claimant dropped a lighted match in the can causing an explosion which severely injured claimant. The extent of the injuries need not be discussed here although appearing to be serious and lamentable, as the court is of the opinion that the only question here to be decided is one of law. It is not considered by the court that this is a case where the rule of equity and good conscience can be invoked.

It appears that claimant relied on "the doctrine of attractive nuisance." This court is of the opinion that this rule cannot be invoked in this case. This opinion is supported by the cases cited by the Attorney General, namely: *McDermott* v. *Burke*, 256 Ill. 401, *Anderson* v. *Karstens*, 218 Ill. App. Page 285, as well as the well established rules of law of the State not being liable for the acts of its officers or agents, etc.

It is further considered by the court that to extend the liability of the State of Illinois to include this class of cases, would not be consistent with the act of the legislature in creating this court. The court recognizes that this boy is entitled to the deep sympathy of the public and that it is unfortunate that the unknown person or persons left this liquid on the Fair Grounds. The question of who was really to blame for the accident is not clear to the court. There is nothing in the record to indicate specific negligence of the State or any of its agents or employes.

Therefore it is ordered by this court that said case be dismissed for the reason assigned.