Motor Power Equipment Company, Appellee, v. Mercantile Discount Corporation, Appellant.

Gen. No. 35,438.

Opinion filed June 15, 1932.

SAMUEL SIMON, for appellant; BEN ARONIN and ELY R. HARELIK, of counsel.

CHAPMAN & CUTLER, for appellee; CHARLES M. THOMSON and GEORGE H. JIRGAL, of counsel.

MR. PRESIDING JUSTICE HEBEL delivered the opinion of the court.

This is an appeal from a judgment for $1,395, entered in the circuit court of Cook county against the defendant and in favor of the plaintiff. Judgment was entered after the defendant had defaulted for want of an affidavit of merits.

The plaintiff's declaration is in assumpsit, consisting of a special count and the common counts. The special count is, in part, that on or about November 1, 1930, the plaintiff purchased certain machinery and equipment from the Kunkel Manufacturing Company, and in payment gave its trade acceptance in the amount of $1,350, due on November 10, 1930, which trade acceptance was assigned to the Commercial Credit Trust Company, the plaintiff receiving notice of the assignment.

. The plaintiff further alleges that on November 9, 1930, the plaintiff, in order to satisfy said trade acceptance, executed its check in the amount of $1,350, said check being made payable to the order of Kunkel Manufacturing Company. It is further alleged that this check, together with a memorandum that the check was in payment of said trade acceptance, was by mistake or inadvertence inclosed in an envelope addressed to the defendant, the Mercantile Discount Corporation, and that in due course of the mails said check and memorandum were received by the defendant. The plaintiff further alleges that the defendant was not the owner or holder of said trade acceptance and that it had knowledge that the plaintiff's check was intended to be used in satisfying its obligation on said trade acceptance; that the defendant wrongfully indorsed the check and deposited it in its bank account and that it was presented paid, and was charged to the account of the plaintiff. The plaintiff made a demand upon the defendant to return this sum of $1,350.

To the declaration a copy of the account sued on was attached and an affidavit of claim. The affidavit of claim set forth substantially the same facts as alleged in the special count of the declaration.

To this declaration the defendant filed a general demurrer to the special count, a plea of the general issue to the common counts, and an affidavit of merits. The

demurrer to the declaration was overruled, and thereafter, upon motion of the defendant, an order was entered allowing the defendant's plea of the general issue to the common counts and its affidavit of merits to stand as the defendant's plea and affidavit of merits to the entire declaration.

The affidavit of merits was, upon motion of the plaintiff, stricken from the files, and subsequently an amended affidavit of merits was filed by the defendant, and upon motion of the plaintiff was stricken from the files, and upon leave of court, the defendant filed its third amended affidavit of merits. This last affidavit of merits admits that the defendant received the check executed by the plaintiff; that it received it in an envelope addressed to the defendant, but denies that the check was inclosed in the envelope through inadvertence and mistake. The defendant further states that the check was made payable to the order of the Kunkel Manufacturing Company and was "duly indorsed by the duly authorized agent of Kunkel Manufacturing Company for that purpose and deposited to the account of" the defendant. The affidavit denies "that said check was wrongfully indorsed as is alleged in plaintiff's declaration"; that the Kunkel Manufacturing Company, the payee of the check, was indebted to the defendant in the sum of $12,782.58, and that after crediting the amount of the check on the indebtedness due the defendant, there remained due and owing to the defendant from the Kunkel Manufacturing Company the sum of $11,432.58.

The question properly before the court is whether or not the defendant's third amended affidavit of merits is sufficient and if the trial court erred in striking this affidavit from the record.

The defendant contends that an affidavit of merits which specifies the nature of the defense relied upon so that the plaintiff has reasonable notice what the de-

fense is and which states directly and positively facts sufficient to disclose a substantial defense, is sufficient; that the affidavit of merits filed in the instant case admits receipt of the check; denies that it was sent to the defendant through inadvertence or mistake; denies that the defendant wrongfully indorsed the check; states that the check was indorsed by the payee named in this check, and discloses a complete defense to the plaintiff's declaration and affidavit of claim.

The plaintiff replies to this contention, in effect, that the defendant's affidavit of merits does not deny either directly or indirectly that it, the defendant, had knowledge that the check was to be applied in payment of the trade acceptance held by the Commercial Trust Company, but attempts to establish defendant's right to the check and the proceeds thereof by averring that the check was indorsed by the agent of the payee named therein. The defendant does not seem to question the rule that an action for money had and received may be maintained wherever one has money in his hands belonging to another which in equity and good conscience he ought not to retain. The important element mentioned in the plaintiff's declaration is that this check, together with a memorandum that the check was in payment of the trade acceptance, was by mistake or inadvertence inclosed in an envelope addressed to the defendant, and that it had knowledge that the check was to be used in satisfying the plaintiff's obligation. These facts should have been answered by the defendant in his affidavit of merits. It surely could not be contended by the defendant that having such knowledge of the purpose and the application to be made of the check, or its proceeds, the defendant nevertheless could apply the proceeds as it did.

As a stranger to this transaction the defendant acquired no right or title to the check or the money. The fact that no privity of contract exists between the

plaintiff and the defendant does not bar an action for the moneys in the defendant's hands. The fact that it was received from a third person will not affect defendant's liability if in equity and good conscience the defendant is not entitled to hold it against the plaintiff. The Supreme Court has applied a rule to a somewhat similar situation, which we believe is controlling in the instant case, in *First Nat. Bank of Springfield v. Gatton,* 172 Ill. 625. The court there said:

"It is also claimed that the court erred in refusing one of the appellant's instructions. This instruction in substance directed the jury that if they found, from the evidence, that the commission merchant sent the draft to defendant with instructions to apply it to the credit of J. N. Gatton, and that Gatton was indebted to defendant, and defendant applied the draft as instructed, then defendant was not liable. It is manifest that this instruction was properly refused. If the commission merchant had no authority to transmit the draft to the defendant, and it was sent by mistake, the defendant acquired no right or title to the draft or the money. The mere fact that defendant received the draft and applied it to the debt of J. N. Gatton gave it no right to hold the money from the person to whom the jury and Appellate Court found it rightfully belonged."

The defendant states that assuming it had notice of the fact that the Kunkel Manufacturing Company was to apply this check in a certain way, yet it was not the duty of the defendant to require the Kunkel Manufacturing Company to apply this check in that manner. If this company chose to indorse and deliver the check to the defendant to apply on its, the defendant's account, the defendant had the right to accept that payment.

Not with the knowledge to which we have referred could the defendant acquire title to the check or the

money it represents, and in equity and good conscience the defendant should not retain the check or money of the plaintiff, the true owner.

Having reached the foregoing conclusions upon the questions raised and finding no error sufficient to justify a reversal, the judgment is affirmed.

*Judgment affirmed.*

FRIEND and WILSON, JJ., concur.