Louis Rodgers, Administrator of the Estate of Darrell Rodgers, Deceased, Appellant, v. W. E. Beach and Herbert Beach. Illinois Independent Oil Company and The Alton Railroad Company, Appellee.

Gen. No. 9,034.

Opinion filed January 15, 1937.

LONDRIGAN & LONDRIGAN, of Springfield, and TRAPP & TRAPP, of Lincoln, for appellant.

COVEY & WOODS, of Lincoln, for appellee; SILAS H. STRAWN, of Chicago, of counsel.

MR. JUSTICE DAVIS delivered the opinion of the court.

The plaintiff appellant, Louis Rodgers, administrator of the estate of Darrell Rodgers, deceased, filed his amended complaint in the circuit court of Logan county, consisting of three counts, count one of which was substantially as follows:

That Louis Rodgers was the duly appointed administrator of the estate of Darrell Rodgers, deceased, by order of the county court of Logan county.

That on May 7, 1935, the Alton Railroad Company, a corporation, moved a certain tank car which had theretofore been filled with gasoline or other volatile oil, and from which gasoline and other volatile oil said tank had been partially emptied, leaving remaining therein gasoline and other volatile oil and substances;

which upon evaporation formed lethal gases in said tank car and caused a dangerous condition to exist.

Said tank car was moved to a point upon the tracks of said railroad company, about 100 feet south of the intersection of said track with Tremont street in the city of Lincoln, and placed at a point adjacent to and approximately 10 feet from a lot of ground which was constantly used by children of that neighborhood for a place to play baseball and other games, all of which matters and things were well known to defendant, or would in the exercise of due care and caution have been known by the said defendant.

That the said tank car was so placed without having the manhole cover at the top of said tank car closed and securely fastened, and plaintiff alleges that said condition of said manhole cover with regard to its being open or insecurely fastened was such that it could be seen and was seen by children and persons passing or playing near said tank car before and after such children mounting upon or climbing upon said tank car.

That children from the surrounding neighborhood frequently and constantly played upon said adjoining lot and upon the tracks of the defendant, and that by reason of the premises and the matters and things set forth the said tank car was attractive to children, and was likely to attract and allure children to the same, and did attract and allure children to come to the same and play on or about the same, and that defendant and their servants and agents knew or, by exercise of ordinary care, would know all of said matters and things above set forth and have knowledge that said children played near said track and that the said tank car in the condition aforesaid, without having the manhole cover closed and securely fastened, was attractive to children and would be likely to attract and allure children to the same.

That Darrell Rodgers, a child 10 years of age, while playing upon said lot adjacent to said tracks on said Tremont street, discovered the manhole cover of said tank car was not closed and securely fastened, and that, after having made said discovery, he went away from the premises for a short period of time but being attracted by said condition and said tank car in said condition aforesaid, afterwards returned to play upon said tank car.

That the defendant carelessly and negligently placed and caused and allowed said tank car to remain upon its track, at the time and place aforesaid, without having said manhole cover closed and securely fastened, so that by reason thereof and as a direct and proximate consequence thereof said Darrell Rodgers was attracted thereby and allured thereto without fault on his part, he not being aware of the danger thereof, and being drawn and attracted by the said dangers and attractive nuisance, to wit, the said tank car in the condition aforesaid, entered said tank car through said manhole and was overcome by fumes which then and there, to wit, on the day aforesaid, caused his death while in said tank car.

That the negligence of said defendant was the direct and proximate cause of the death of the plaintiff's intestate; that said Darrell Rodgers left him surviving as his next of kin his father and mother, sister and half brother, who were, at all times herein mentioned, in the exercise of due care for the safety of Darrell Rodgers, and by reason of the death of the said Darrell Rodgers said next of kin sustained pecuniary damages.

Said amended complaint contained two other counts, but it is not contended by appellant that those counts stated a good cause of action.

Defendant appellee filed a motion to dismiss said amended complaint, which pointed out specifically why the same should be dismissed, among which are: That

the amended complaint does not set forth any description or facts showing that the tank car in question was attractive to children, or likely to attract or allure children to the same.

That it is not shown that defendant violated any duty which under the law it owed to plaintiff's intestate or plaintiff.

It is not alleged or shown that this defendant knew, or by the exercise of ordinary care would have known, of the alleged dangerous condition in and about said tank car.

It is nowhere alleged or stated that defendant had anything to do with the creation or maintenance of the alleged dangerous condition in and about said tank car, or caused the same or had knowledge of it.

The amended complaint does not allege or show any facts showing negligence on the part of this defendant, or a breach of any duty by this defendant to plaintiff's intestate.

Upon a hearing of said motion the same was sustained and judgment entered for the defendant against plaintiff in bar of his action, from which judgment this appeal was taken.

The suit was dismissed as to W. E. Beach and Herbert Beach, doing business as Illinois Independent Oil Company, prior to the filing of the amended complaint.

If the owner or occupant of premises leaves a dangerous machine or appliance exposed under such conditions, that it may be reasonably expected that children of such tender age as to be incapable of exercising proper care for their safety may by their own instincts be attracted to the dangerous thing and thereby exposed to danger, he will be liable for a resulting injury. *McDermott v. Burke,* 256 Ill. 401, 100 N. E. 168.

We are of opinion that the doctrine of attractive nuisance cannot be extended to the tank car in question. There are numerous tank cars in use by every

railroad and almost any freight train has one or more. Children who are in the vicinity of railroads see them almost daily. There is nothing alleged in the declaration that would take it out of the class of an ordinary tank car, and nothing about it that would lead defendant appellee to reasonably expect that children of tender years would be attracted to it.

It is a necessary element of the liability that the thing which causes the injury is tempting to children and to constitute a means of attracting them upon the premises which the owner should anticipate. Another essential condition to liability is that the attractive thing, or something inseparably connected with it, must be the proximate cause of the injury. *McDermott v. Burke, supra.*

It cannot be claimed that the thing that caused the injury tempted children and constituted a means of attracting them upon the premises, and that the owner should have anticipated this. The car itself, as described in the declaration, did not constitute a means of attracting children, and the means of injury could only be discovered after one had climbed upon the car and removed the cover to the manhole.

It was for the court to say, in passing upon the motion, whether as a matter of law the complaint stated a good cause of action and in so doing could determine whether there was an element of attractiveness in the dangerous agency that the complaint alleged was likely to attract and allure children to come to and play about the same.

In the case of *Burns v. City of Chicago,* 338 Ill. 89, 98, 169 N. E. 811, our Supreme Court said: "Counsel for defendant in error suggest that to deny recovery in this case would be to recede from or modify a position already taken by this court. The issue presented is rather whether this court will proceed beyond such position, which might fairly be said to be already well

advanced. To say that, whenever the claim is made that an injury to children engaged in play has been occasioned by a dangerous agency, the case must always be submitted to the jury to determine whether there was an element of attractiveness present is going too far. The situation has been aptly expressed in a recent Minnesota case, in which the court said: 'To the irrepressible spirit of curiosity and intermeddling of the average boy there is no limit to the objects which can be made attractive playthings. In the exercise of his youthful ingenuity he can make a plaything out of almost anything and then so use it as to expose himself to danger. If all this is to be charged to natural childish instincts and the owners of property are to be required to anticipate and guard against it, the result would be that it would be unsafe for a man to own property, and the duty of the protection of children would be charged upon every member of the community except the parents or the children themselves.' "

We are of opinion that the circuit court of Logan county did not err in sustaining the motion of defendant appellee to dismiss said cause and in entering judgment in bar.

*Judgment affirmed.*