Leo Simons, a Minor, by George S. Simons, His Father and Next Friend, Appellant, v. The Dole Valve Company, Appellee.

Gen. No. 38,942.

Opinion filed January 27, 1937.  Rehearing denied February 16, 1937.

JOSEPH A. WEBER and DANIEL A. URETZ, both of Chicago, for appellant; ERNEST STOUT and WALTER H. SHURTLEFF, both of Chicago, of counsel.

MILLER, GORHAM, WALES & ADAMS, of Chicago, for appellee; EDWARD R. ADAMS and HERBERT C. DEYOUNG, both of Chicago, of counsel.

MR. PRESIDING JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

This cause came to this court on a petition for leave to appeal, which was granted, and the appeal perfected.  At the close of plaintiff's evidence the trial court gave an instructed verdict and a judgment for costs was entered against the plaintiff, from which judgment this appeal is taken.

Plaintiff filed his claim to recover damages for injuries to his hand, which injuries he alleges were caused by a gate located on the premises of the defendant company.  From a reading of the evidence it appears that the gate in question was a double gate which opened in the middle, having a left wing and a right wing and is sometimes referred to as "gates."

Plaintiff contends that the gates in the fence around the defendant's premises, by reason of their massive and peculiar construction and the fact that they were always open, unlocked and unguarded, although there was a lock on the gates which was never used, and by

reason of the further fact that the children in the neighborhood were allowed to play on the gates and on defendant's premises unhindered and were never forbidden to play on the gates and on defendant's premises; that this gate constituted an attractive nuisance and that it was incumbent on defendant to prevent the maintenance of a dangerous instrumentality on its premises by means of which children of tender age might be injured; that defendant thereby maintained an attractive nuisance on its premises which remained unguarded to children as invitees.

Defendant contends that the gates maintained on its premises were not an attractive nuisance and were not dangerous to the children playing on the premises, and that it had no knowledge of the injury to plaintiff and that the defendant corporation was in no way responsible for plaintiff's injury.

As heretofore stated at the conclusion of the plaintiff's evidence the court instructed the jury to find for the defendant, upon which verdict judgment was entered with costs against the plaintiff.

The facts disclose that the defendant, Dole Valve Company, a corporation, operates a factory on the west side in the city of Chicago, Illinois, and that a vacant lot owned by them adjacent to the factory had been used by the children of the neighborhood as a playground, there being no other suitable playground in that vicinity; that the lot was fenced in and was used by the employees of the defendant for parking their automobiles; that the automobiles used by defendant's employees entered and left said premises through a certain gate and it is alleged that the closing of one of the wings of this gate was the cause of the accident in question. At the rear of the lot there was a shed for the storage of materials of the company. The buildings on both sides of the lot were inhabited by a number of families with children who used the

premises as a playground. The plaintiff was a child of six years at the time of the accident and a member of a family of eight children.

The evidence shows that the gate in question was used at times for the children to swing upon, the wings of the gate being so constructed with a board on the bottom two by four inches in size, and another one about half way up of the same size, which made it convenient for the children to swing upon it, and that these gates were at all times left unguarded.

The evidence further shows that on September 2, 1933, plaintiff's older brother was playing baseball in the lot described and plaintiff's mother asked the plaintiff to call his brother home. Instead of going into the lot or yard, the plaintiff stopped at the gate, which was open at the time. He was leaning against the fence near the gate and apparently had his hand in the aperture between the gate and the gate post, while calling to his brother, when the gate closed from some unknown cause and crushed plaintiff's hand. The plaintiff was taken to a doctor's office where the wound was dressed, but later an infection set in and he was taken to the Cook County Hospital where the little finger on the left hand was amputated and the next finger to it was so badly injured as to render it useless.

Whether or not the gate in question was an attractive nuisance, nevertheless, it appears from the evidence that at the time plaintiff was injured he had not been attracted by the gate nor was he using the gate in any way. The plaintiff had been directed by his mother to go to the lot and tell his older brother, who was playing baseball inside the fence, to come home. The boy did as he was directed to do by his parent and, as near as we can gather from the evidence, he was standing outside the board fence, calling to his brother, when his hand inadvertently slipped into the aperture between the gate and the fence to which the gate was

attached and the gate then being moved, his fingers were caught and squeezed between the gate and the fence. Whether this gate is an attractive nuisance or not, or could be so construed, the facts in this case show that the boy had not been attracted to the gate, but went there at the direct command of his parent. The evidence discloses that he was not using the gate to play upon.

It is essential in order to prove the liability of one who maintains a so-called attractive nuisance, that the thing which attracted the child upon the premises, or something inseparably connected therewith, be the proximate cause of the injury. As the Supreme Court said in the case of *McDermott v. Burke,* 256 Ill. 401, 406: "It is a necessary element of the liability that the thing which causes the injury is tempting to children and to constitute a means of attracting them upon the premises which the owner should anticipate."

The evidence in this case shows that the boy was not attracted by the so-called gate; that he was not standing on it nor playing with it as is charged in the complaint.

A gate is not inherently dangerous and there is no proof in this case as to who opened the gate or that the defendant knew that the gate was open, or who moved the gate at the time the boy's fingers were injured.

The evidence further shows that the boys who went to this lot went there to play baseball and other games and that they did not go there for the purpose of swinging on the gate, nor was anyone swinging on the gate at the time of the injury to plaintiff. *Matijevich v. Dolese & Shepard Co.,* 261 Ill. App. 498.

We have carefully gone through this record to find what evidence, if any, would sustain plaintiff's contention that the defendant was guilty of negligence. While it is conceded that defendant owed plaintiff the

duty not to purposely injure him, yet we cannot find any duty owing from defendant to plaintiff which it failed to perform. Further, the evidence does not show that the plaintiff was upon the defendant's premises. In what respect the actions or non-actions of the defendant were the proximate cause of the injury, the evidence fails to show.

As was said in the case of *Streeter v. Humrichouse,* 357 Ill. 234, Mr. Justice Farthing speaking for the court said at page 238: ". . . the rule is that in passing upon a motion to direct a verdict, if, when all the evidence is considered, with all reasonable inferences drawn from it in its aspect most favorable to the party against whom the motion is directed, there is a total failure to prove one or more necessary elements of the case, the motion should be allowed." Applying this rule we fail to find any evidence in the record, considered in the light most favorable to the plaintiff, which proves or tends to prove that the necessary elements are present in this case to establish the liability of the defendant.

We are of the opinion that the trial court properly instructed the jury as to their verdict at the close of plaintiff's evidence and for the reasons herein given the judgment of the superior court is affirmed.

*Judgment affirmed.*

HEBEL and HALL, JJ., concur.