**STANDARD STEEL WORKS CO. v. CHICAGO, A. & E. R. CO.**

No. 12125.

District Court, N. D. Illinois, E. D.

July 29, 1939.

B. P. Alschuler, of Aurora, Ill., for receiver.

Cutting, Moore & Sidley, of Chicago, Ill., for plaintiff.

Ralph R. Bradley, of Chicago, Ill., for defendant.

Blake C. Smith and Ditchburne & Lounsbury, all of Chicago, Ill., for Anna Boersema.

WILKERSON, District Judge.

This general claim is before the court on exceptions to the master's report denying the claim for failure to prove negligence on the part of the defendant. This claim, based upon the Wrongful Death Statute of Illinois, Ill.Rev.Stat.1937, c. 70, §§ 1, 2; is to recover damages for the death of Benny Boersema, an infant two and one-half years old. He was taken by his parents to the home of relatives near the tracks of the defendant railroad, and was left playing in the yard with his three and one-half year old brother. He wandered across the street, over a vacant lot, past a fence in disrepair along defendant's right of way, and onto the tracks, where he was electrocuted by contact with the charged third rail. The distance from the home to the right of way is variously estimated in the record at from 150 feet to 450 feet.

There was no evidence to show that children, or for that matter adults, habitually went upon defendant's right of way at the point in question, or that any fact existed which should have put the defendant company on notice that there was more than a mere possibility of injury to persons at that point. Thus there was no showing that many children lived in the vicinity, or that they played upon or near the right of way. There was no evidence of any footpath at that point. There was no showing that any legislative body had ever regarded the point in question as dangerous, so as to require the railroad to build a fence there.

The general rule is that a landowner or railroad company owes no duty to a trespasser, whether adult or infant, other than to refrain from laying traps or wilfully or wantonly injuring him. Colby v. Chicago Junction R. Co., 216 Ill.App. 315, and cases cited. The Colby case says that there is no rule requiring a railroad company to fence and guard its yards and tracks so securely as to prevent entrance by children; that many decisions have recognized the physical impossibility of doing this and have held that the company is under no duty to provide protection to children playing about its cars, greater than its duty to ordinary trespassers.

The attractive nuisance cases convert infant trespassers into invitees, but there is nothing in this case upon which to base a finding of attractive nuisance. It would be stretching the doctrine of the attractive nuisance cases to hold that a railroad right of way alone constitutes an attractive nuisance and therefore an invitation. See Shaw v. Chicago & A. R. Co., Mo.Sup., 184 S.W. 1151, 1154.

Assuming that one who has a dangerous instrumentality on his land is under the duty of protecting even trespassers, there should be some showing that the presence of infant or adult trespassers is reasonably expected. McAllister v. Jung, 112 Ill.App. 138; McDermott v. Burke, 256 Ill. 401, 406, 100 N.E. 168, et seq. Conceivably such showing might consist of evidence that the portion of the track in question was in a congested area and that children habitually played on or about the

tracks, and, particularly, that injuries had occurred in the past. The contention is made that the fact that defendant at one time did erect a fence at the point in question is in the nature of an admission or realization by the defendant that there was some likelihood of danger at that point. If any inference is to be drawn from the construction of a fence, the opposite inference might likewise be drawn from the failure to maintain it, on the theory that the experience of the company showed the fence was not necessary at that point. Since there was no statute or ordinance which required the fence, the building of the fence may well be regarded as a mere voluntary act, and the absence of a fence or the failure to maintain one could not operate to confer greater rights upon trespassers. See City Trust & Savings Bank v. City of Kankakee, 254 Ill.App. 489. The general rule is that landowners have no duty to keep their premises in any particular condition to enhance the safety of trespassers, whether infants or adults. McDermott v. Burke, 256 Ill. 401, 405, 100 N. E. 168; United Zinc & Chemical Co. v. Van Britt, 258 U.S. 268, 275, 42 S.Ct. 299, 66 L.Ed. 615, 36 A.L.R. 28.

On the record before the court and on the practice to accept the master's findings of fact unless clearly erroneous, I can reach no other conclusion than that the exceptions to the master's report should be overruled.