Hamilton Glass Company, Appellant, v. Irwin Shaffer, d/b/a City Glass Co., Appellee.

Gen. No. 46,944.

First District, First Division.

January 7, 1957.

Released for publication February 11, 1957.

Koven, Koven & Salzman, of Chicago, for appellant; Henry H. Koven, Howard R. Koven, and Paul Homer, all of Chicago, of counsel.

Collen, Kessler and Kadison, of Chicago, for appellees; Mark A. Greenhouse, of Chicago, of counsel.

PRESIDING JUSTICE NIEMEYER delivered the opinion of the court.

Plaintiff appeals from a judgment for defendant entered on a verdict directed at the close of plaintiff's evidence in its action for money had and received by defendant.

Garland Construction Company, hereinafter called Garland, employed plaintiff and defendant as separate

and independent contractors to glaze certain houses Garland was building in Mundelein, Illinois. The proceeds of loans obtained by Garland from the bank were retained by it and paid to suppliers of building material on payout orders signed by Garland directing the bank to pay the sum specified to the supplier named. The payout orders identified the specific loan from which the money was to be paid by reference to the address of the house for which the material and labor had been supplied. In addition to the waiver of lien and the certificate by Garland that the supplier named in the order had in fact supplied the material and performed the work at the house at the stated address, the supplier, as a condition precedent for payment, was required to make affidavit that the material and work had been supplied by him at the stated address and that no lien existed against the property at that address.

Plaintiff sues for $360, the contract price of glazing six houses identified by street numbers, and $162 under additional agreements to glaze other buildings—a total of $522, alleging that it requested payment from Garland and the bank, which was acting as paying agent for Garland, and was refused payment for the reason that the money due plaintiff for the glazing above mentioned "had been paid to defendant upon the representation of defendant that he had furnished the glass and glazing for the buildings and that he was entitled to payment, in support of which representation the defendant executed and delivered to said bank his affidavit and waivers of lien, copies of which are attached to the Statement of Claim and marked Exhibits 1 to 6, inclusive."

Defendant admitted the execution and delivery of the original affidavits and waivers of liens and the correctness of the copies. The truth of the statements in the affidavits was affirmed by defendant, and his right

408

to the money received asserted in his answer. On the trial plaintiff introduced evidence proving prima facie that plaintiff did the glazing stated in the complaint, and the price to be paid therefor. On a motion to direct a verdict for defendant at the close of plaintiff's evidence the court stated that plaintiff's right of action was against the bankrupt Garland, and there was no cause of action at all against defendant. A verdict was directed.

As plaintiff contends, the question on the motion to direct a verdict was whether there was any evidence fairly tending to support the complaint, and not the legal sufficiency of the complaint. McDermott v. Burke, 256 Ill. 401, 405; Smith v. Redman, 244 Ill. App. 434. However, the court erred in holding that plaintiff had no cause of action against defendant. If, as plaintiff alleges, it, and not defendant, did the glazing for which it sues, and defendant, by falsely representing (whether wilfully or innocently, is not material) that it did the work, received payment from the bank, defendant obtained money to which it was not lawfully entitled and which plaintiff can recover in an action for money had and received. Board of Highway Comrs. v. City of Bloomington, 253 Ill. 164; National Malleable Castings Co. v. Iroquois Steel & Iron Co., 333 Ill. 588; Motor Power Equip. Co. v. Mercantile Discount Corp., 267 Ill. App. 55.

The judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

Reversed and remanded.

BURKE and FRIEND, JJ., concur.