FAIRCLOTH, C. J., and FURCHES, J., dissenting.
This case was disposed of at the last term of this Court by a per curiam, order affirming the judgment below, which was in favor of the defendant. A petition by the plaintiff to rehear was allowed, and the case is again before us for our reconsideration. The action was brought by the mother of the child, as his administratrix, under sec. 1498 of The Code, to recover compensation for the pecuniary (329) injury resulting from the death. The plaintiff in her complaint alleged that the defendant owed the public and her intestate the duty of keeping the street and its road free from obstructions, dangerous or unsafe, and which might injure, the public or any of its members, and that in violation of this duty it placed dangerous obstructions in the street, to-wit, a large number of railroad cross ties, which were so carelessly piled as that on 27 July they fell on the intestate of the plaintiff, a child of 9 years of age, and by which he received injuries from which he died on 17 August, 1898. The facts, so far as they are necessary to be stated for the purposes of this appeal, are these: On Garden street, in the town of Marion, where the defendant's railroad crosses the street, the defendant had piled a lot of cross ties, not in the manner called "cribbing," but straight and in rows, one on top of the other. The street at that point was originally laid out to be 60 feet wide, but only about 14 feet of it had ever been, or could have been, used in its then present condition as a public highway for vehicles, and there were no sidewalks for pedestrians. In the summer of 1898, some little boys had a habit of playing on the cross ties, and while so engaged in play, on 27 July, one of them, Hugo Kramer, the plaintiff's intestate, 9 years old, that he might get a better view of a passing train undertook to climb up on the cross ties, and in so doing, pulled some of them over, and upon him, by means of which he was so badly hurt that in a few weeks he died. The gravamen of the complaint is the defendant's negligence growing out of its obstruction of a public street.
If the cross ties had been piled upon the defendant's own *Page 227 
premises instead of in the street, and the defendant had had no actual knowledge that the children were in the habit of playing on the ties, the law would have imposed no duty upon the defendant to look out for their safety by having the ties piled with a view to that end. R. R. v. Edwards, 90 Tex., (330) 65. The principle announced in the Turntable case (R.R. Co. v. Stout, 17 Wall, 657, and others), would not apply if the ties had been carelessly piled on the defendant's premises. The Turntable decisions are necessarily based either on the idea that such machinery has such peculiar attractions for children as objects of play, that, when left unlocked, there is an implied invitation to use them, or, when not properly guarded, it is so obviously dangerous to children as to call for diligence in the owner to take precautions against the dangers. Those cases are exceptions to the general doctrine, and went to the very limit of the law. Mere attractiveness of premises to children will not bring a case within that exceptional doctrine. Indeed, the plaintiff's counsel, in his argument here, stated that he did not contend for the application to this case of the principle laid down in the Turntable Cases. His argument was mainly addressed to the discussion of three of the plaintiff's exceptions — two, the first and the fifth, bearing on the Court's instructions upon the obstructions of the public street or highway; and the third, on the negligence of the defendant, as connected with, and dependent upon, the defendant's knowledge of the habit of the children of playing on the cross ties.
In the portions of his Honor's charge to which exceptions one and five were directed, the jury were instructed, in substances, that there was no obstruction of the street, unless the cross ties were in that part of the street which was used by the public, and that if the ties were upon that part of the street which was not used by the public, and could not be used, there was no obstruction of the highway; and, further, that the defendant company was guilty of a wrongful act in allowing it to remain there; but, nothing else appearing, the only remedy for that wrongful act, would be indictment by the grand jury, and the defendant be punished in a criminal action for (331) obstructing the public highway; "and a private individual would have no right to maintain an action against the railroad company for obstructing the street, unless that private individual was injured — received special injuries — on account of the pile of cross ties being there, an obstruction to the highway, and while the party was using the highway as he had a right to do." We see no error in that instruction. If the whole — all parts — of the street had been in a condition to *Page 228 
be traveled and used by the public, and by habit and custom, the public had used only a certain portion of it, then the instruction would have been wrong. But that is not the case here. There was evidence that only that portion which was used could have been used; the other part being unfit for use. The piling of the ties on the unused part of the street might have been without leave of the town, and the defendant might have been a trespasser, but, under the facts of this case, it had not obstructed the street.
The Court further instructed the jury that, although they might find that the pile of cross ties was an obstruction, there in the street, the plaintiff's cause of action was not founded upon that primarily, and that, before they could say that the intestate's injury and death were caused by the negligence of the defendant, they should inquire whether or not the defendant knew that the pile of cross ties in the street was a common resort of little boys of tender years in that neighborhood to play, and the burden was on the plaintiff to show that the railroad company knew that fact, and that, if the defendant did not know it, then they should answer the issue as to the defendant's negligence, "No." That was a correct instruction, and was consistent with the one just discussed.
But his Honor further told the jury: "If you find (332) that it (the pile of cross ties) was not an obstruction to the highway, then it would be your duty to answer this issue (as to the defendant's negligence) "No." In this instruction there is error. The pile of cross ties was not on the defendant's premises. It was on a public street in the town of Marion, and, even though the defendant might have been tacitly permitted to use the street for the purpose of piling the ties, yet the plaintiff's intestate was not a trespasser. If he was too young to be bound by any rule as to contributory negligence, and had a habit of playing, with other boys, on the cross ties, with the knowledge of the defendant, and without the defendant's attempting to prevent such sport or to take precautions against injury to the children, then the defendant was negligent. In such a case the defendant's negligence would not consist in piling the cross ties in the street, but it would consist in its failure to guard against injury to the children, after it had learned of their habit of playing on the ties, and its failing to provide against their injury; and this is particularly true as the ties were not on the defendant's property, and the plaintiff's intestate not a trespasser. The petition is allowed, and a new trial is ordered.
New trial. *Page 229