CHARLES CUMMINGS, ADMINISTRATOR OF GLADYS LILLIAN JONES, v. A. W. DUNNING AND J. W. STANLEY.

(Filed 20 May, 1936.)

1. **Pleadings D e—**

Upon demurrer, the complaint is to be construed liberally in favor of the pleader with a view to substantial justice between the parties, C. S., 535, and the demurrer should be overruled unless the complaint is wholly insufficient, taking its allegations to be true, to state a cause of action.

2. **Negligence A c—Complaint held to state cause of action for death of minor invitee drowned in defendants' artificial pond.**

The complaint in this action for wrongful death alleged that defendants maintained an artificial pond, for pleasure and recreational purposes, adjacent to a road connecting two streets in the edge of a thickly settled city, that there was no obstruction between the pond and the road, that the pond was attractive to small children and was naturally hazardous, and that several children had been drowned therein to the knowledge of defendants, and that defendants had invited numerous small children, including members of intestate's family, to come upon the premises and play without warning them against the danger of the deep water, and that intestate, a child of tender years, went upon the premises and was drowned in the pond. *Held:* The complaint stated a cause of action for wrongful death and defendants' demurrer thereto should have been overruled.

**3. Pleadings D e—**

In ruling upon a demurrer to the complaint, its allegations alone will be considered, and taken as true, and whether the allegations can be sustained upon the trial is not presented for decision.

APPEAL by plaintiff from *Cranmer, J.,* at February Term, 1936, of NEW HANOVER. Reversed.

Action for damages for wrongful death of plaintiff's intestate, alleged to have been caused by the negligence of defendants in failing to properly safeguard a deep water hole or pond near the limits of the city of Wilmington.

Plaintiff alleged, substantially, in his complaint and amendment to complaint that defendants owned a large water hole or artificial pond or lake, adjoining the corporate limits of the city of Wilmington, which was maintained and used by defendants as a fish pond; that it was thirty or forty feet deep, and attractive to children; that there was no substantial fence about it nor warning against its use; that on the side near the road leading from Market to Princess Street there was no fence, and that plaintiff's intestate, a young girl, stated in the argument (without contradiction) to be eleven years of age, entered the premises and fell in or jumped in and was drowned. The following allegations appear in the amendment to the complaint:

"2. That these defendants had, on various occasions prior to the death of plaintiff's intestate, extended an invitation to numerous immature children, including members of the family of the deceased Gladys Lillian Jones, to come and bathe, swim, and play, and make use of the said artificial pond or lake hereinbefore referred to in the second paragraph of the complaint.

"3. That these defendants, on numerous occasions, were present at said artificial lake or pond and saw numerous immature children wading, bathing, and swimming and making use of said lake or pond as a playground, and had personal knowledge that said children had habitually frequented said lake or pond, and made no effort to prevent such use of said premises, but, to the contrary, permitted, encouraged, and invited the continuous use of said premises.

"4. That said artificial lake or pond was notoriously hazardous and dangerous, and on several occasions had been the cause of death by drowning of small children, which said hazardous character was well known to these defendants, having existed for a long period of time, but said hazardous character was unknown to plaintiff's intestate.

"5. That said artificial lake or pond did allure, entice, and attract numerous small children to use said pond or lake, including plaintiff's intestate.

"6. That these defendants, having full knowledge of the use of said lake or pond by immature children for the purpose hereinbefore alleged, could and should have anticipated and foreseen the dangers that did accompany the use of said lake or pond by said immature children, and these defendants utterly failed to properly guard or protect said children from the dangerous conditions and the maintenance of said pond or lake under these dangerous conditions, and the conduct of these defendants in allowing, permitting, and inviting the use of the same by immature children, including the plaintiff's intestate, constituted gross negligence on the part of these defendants, and was the proximate cause of the death of plaintiff's intestate."

The defendants' demurrer *ore tenus* to the complaint and amendment to the complaint was sustained, and from judgment dismissing the action plaintiff appealed.

*John D. Bellamy & Sons and Rodgers & Rodgers for plaintiff.*
*Carr, James & LeGrand for defendants.*

Devin, J. Demurrer *ore tenus* to the complaint as amended having been sustained, it is necessary to examine the allegations therein set forth to determine whether in any view a cause of action has been stated.

As was said in *Ramsey v. Furniture Co.,* 209 N. C., 165: "On a demurrer the statute (C. S., 535), requires that we construe the complaint liberally with a view to substantial justice between the parties. The demurrer admits the truth of all the material facts alleged, and every intendment is adopted in behalf of the pleader. A complaint cannot be overthrown by a demurrer unless it be wholly insufficient. If in any portion of it, or to an extent it presents facts sufficient to constitute a cause of action, the pleading will stand. It must be fatally defective before it will be rejected as insufficient. *S. v. Trust Co.,* 192 N. C., 246; *Lee v. Produce Co.,* 197 N. C., 714."

The principles of law applicable to the facts here alleged have been fully set forth in an able and elaborate opinion by *Mr. Justice Schenck* in *Brannon v. Sprinkle,* 207 N. C., 398, and need not be here restated. In that case, and in the cases cited in support of the conclusion there reached, the courts were dealing with children who were trespassers rather than invitees, and to whom the dangerous conditions were attractive.

But in the instant case it is alleged the defendants maintained for pleasure and recreational purposes a lake or pond thirty or forty feet deep, with no enclosure around it on the side adjacent to a road connecting two streets "in the edge of a thickly settled city"; that the pond was naturally hazardous and had been the cause on several occasions of

the drowning of children to the knowledge of the defendants; that defendants had invited numerous immature children, including members of the family of plaintiff's intestate, to come upon the premises and make use of said lake, and without any warning against the use of so deep a lake, permitted, encouraged, and invited the continuous use of the premises by immature children.

It is proper to say that in their answer the defendants deny these allegations and allege that the pond was protected by a fence and locked gate, and that plaintiff's intestate was forbidden to enter. But we are considering only the allegations in the plaintiff's complaint. We are not dealing with questions of evidence or proof. Whether plaintiff can sustain his allegations on the trial is another matter.

There was error in sustaining the demurrer.

Reversed.