HUBERT HARRIS, by His Next Friend, JOHN HARRIS, v. WINSTON-SALEM SOUTHBOUND RAILWAY COMPANY et al.

(Filed 7 January, 1942.)

1. **Negligence § 4f—**

   A railroad freight car standing on a commercial siding is not an attractive nuisance.

2. **Same—Those in charge of freight car standing on commercial siding are not under duty to safeguard it to prevent injury to children playing thereon.**

   Plaintiff, a twelve-year-old boy, was injured while playing with other children on an open railroad car used for the transportation of steel when the heavy door or gate attached to the end of the car fell on him. Plaintiff alleged negligence in failing to have the car attended and in failing

HARRIS *v.* R. R.

to have the door or gate of the car laid flat upon the surface of the car, when defendants knew or should have known that children were accustomed to play thereon. *Held:* Defendants' demurrer was properly sustained, since defendants were not under duty to have the car attended or to keep the door flat upon the car as a protection to plaintiff and his playmates.

**3. Same: Pleadings § 20—**

In an action to recover for injuries sustained when a door or gate of an open railroad car fell upon plaintiff, allegation that defendants negligently left the door in an upright or vertical position without being fastened or supported as it was the duty of defendants to do, is but a conclusion of the pleader from the facts alleged, and is not admitted by demurrer.

SEAWELL, J., dissents.

APPEAL by plaintiff from *Olive, Special Judge,* at May Term, 1941, of FORSYTH.

Civil action to recover for an alleged negligent injury.

The complaint in substance alleges:

1. That the defendant railway company left standing on its sidetrack, situate on the property of the Salem Steel Company, "a certain empty and open railroad car used for the purpose of holding and transporting long pieces of steel; that said open car remained upon the said sidetrack of defendants, and near a well traveled path and children's playground, for a number of days without being watched, supervised, or attended by defendants or anyone for them, when defendants and each of them knew or should have known that children of tender and immature years were and would be attracted to said empty and open car for the purpose of climbing in and playing thereon, and that defendants, and each of them, knew that children did climb upon and swing to said car from a certain derrick belonging to defendants or one of them."

2. That on Sunday afternoon, 24 September, 1939, about 4:00 p.m., the plaintiff, a boy twelve years of age, together with a number of companions, "were attracted to said car, did climb upon and into same, as they were accustomed to do, . . . when a heavy steel door or gate attached to one end of said open and empty railroad car, which door or gate had been negligently left by defendants, their agents and employees, standing in an upright and vertical position without being fastened or supported as it was the duty of defendants and each of them to do, fell upon the person of the plaintiff," and injured him.

3. That defendants, and each of them, "were negligent in leaving and allowing to stand unattended upon the sidetracks, as hereinbefore described, the open car, when they knew, or should have known, that children of tender and immature years were attracted to said car or similar cars and were accustomed to playing thereon, and that defendants and

each of them were especially negligent in leaving or allowing their servants and/or employees to leave standing in an upright and vertical position without being supported or fastened the heavy steel door or gate, as hereinbefore described, when they knew or should have known that same would fall upon and seriously injure children. . . . That ordinarily the said heavy steel door, . . . was laid flat upon the surface of the railway car, . . . in order to avoid its falling and injuring persons in and around said railroad car," and that such negligence was the proximate cause of plaintiff's injury.

Wherefore, plaintiff prays, etc.

The defendants interposed demurrers on the ground that the complaint does not state facts sufficient to constitute a cause of action and fails to allege any breach of duty on the part of the defendants.

From order sustaining the demurrers, the plaintiff appeals, assigning errors.

*Buford T. Henderson, E. M. Whitman, and J. F. Motsinger for plaintiff, appellant.*
*Craige & Craige for defendant Railway Company, appellee.*
*Ira Julian for defendant Steel Company, appellee.*

STACY, C. J. The question for decision is whether an open and empty railroad car, standing unattended on a commercial sidetrack where children are accustomed to play, is such an attractive nuisance as to import liability for failure to safeguard it against injury to a twelve-year-old boy while playing thereon on a Sunday afternoon. In sustaining the demurrers, the trial court answered in the negative, and we approve.

The negligence alleged is, that the defendants left the car in question unattended, *i.e.*, "without being watched, supervised, or attended by defendants or anyone for them," when they knew or should have known that children were accustomed to play thereon. It could hardly be held for law that every empty freight car which is allowed to stand for several days on a sidetrack, in the vicinity where children are wont to play, should be attended by a watchman. This would be to place it in the category of a playground. The defendants are not so engaged.

The allegation that the defendants negligently left the door or gate of the car in an upright and vertical position without being fastened or supported as it was the duty of the defendants to do, is but a conclusion of the pleader on the facts alleged, and is not admitted by the demurrers. *Leonard v. Maxwell, Comr.,* 216 N. C., 89, 3 S. E. (2d), 316; *Andrews v. R. R.,* 200 N. C., 483, 157 S. E., 431; *Ballinger v. Thomas,* 195 N. C., 517, 142 S. E., 761. The fact that the door or gate was ordinarily laid flat upon the surface of the car, as plaintiff further alleges, did not

impose upon the defendants the duty to keep it so as a protection to the plaintiff and his playmates.

The authorities are in support of the judgment below. *Rogers v. Alton R. Co.,* 288 Ill. App., 462, 6 N. E. (2d), 244; *L. & N. Ry. Co. v. Ray,* 124 Tenn., 16, 134 S. W., 858; *Colby v. Chicago Junct. Ry. Co.,* 216 Ill. App., 315, cited in 36 A. L. R., 256; *Smith v. Hines,* 212 Ky., 30, 278 S. W., 142, 45 A. L. R., 980.

The pronouncements in the last cited case follow:

1. A standing freight car is not a dangerous piece of machinery such as to bring it within the attractive nuisance class.

2. A railroad company is not liable for injury to a child which falls from a railroad car standing in its yard in a populous portion of a city, because there are handholds on the car which permit children to climb to the top of it, and the company, with knowledge of the custom of children to play on the cars, takes no precaution to safeguard them or warn them of the danger of so doing.

The case of *Christiansen v. Los Angeles & S. L. R. Co.,* 77 Utah, 85, 291 Pac., 926, cited and relied upon by plaintiff, is not at variance with the authorities above cited. There, a freight car was left on a grade without application of hand brakes, or blocks placed under the wheels, and it ran away down the grade and injured the plaintiff who was trying to rescue his child from the moving car. Quite a different fact situation from the one here presented.

In *Twist v. Winona & St. P. R. Co.,* 39 Minn., 164, 12 Am. St. Rep., 626, 39 N. W., 402, *Mitchell, J.,* speaking to the subject, said: "To the irrepressible spirit of curiosity and intermeddling of the average boy, there is no limit to the objects which can be made attractive playthings. In the exercise of his youthful ingenuity, he can make a plaything out of almost anything, and then so use it as to expose himself to danger. If all this is to be charged to natural childish instincts, and the owners of property are to be required to anticipate and guard against it, the result would be that it would be unsafe for a man to own property, and the duty of the protection of children would be charged upon every member of the community except the parents or the children themselves."

The demurrers were properly sustained.

Affirmed.

SEAWELL, J., dissents.