ROSA LEE HEDGEPATH, Administratrix of CHARLES LEE HEDGE-
PATH, v. CITY OF DURHAM.

(Filed 12 January, 1944.)

**1. Negligence § 4d—**

The doctrine of attractive nuisance is that one is negligent in maintain-
ing an agency or condition, which he knows, or reasonably should know,
to be dangerous to children of tender years, at a place where he knows
or reasonably should know such children are likely to resort or to be
attracted by such agency or condition, unless he exercises ordinary care
for the protection of such children.

**2. Negligence §§ 4d, 19a—**

In an action to recover damages for the alleged wrongful death of
plaintiff's intestate, a child of ten, against a city, the child having been
drowned in a pond, created by a stopped drain under a fill of the city's
street, causing rain water to accumulate, there being a total absence of
evidence that defendant had any knowledge that plaintiff's intestate or
any other children, at any time previous to the accident, played in the
pond, and of any allurement of the pond, a motion for judgment of nonsuit
was properly allowed.

Appeal by plaintiff from *Olive, Special Judge,* at April Term, 1943,
of Durham. Affirmed.

This action was instituted for the alleged wrongful death on 22 May,
1942, of the plaintiff's intestate, Charles Lee Hedgepath, a child of ten
years of age.

The evidence tends to show that the defendant, City of Durham, in
the grading of Lee Street, constructed a fill across a wet weather branch,
and placed under the fill a pipe through which to drain the water; that
a rain came and the pipe, because stopped up, was insufficient to carry
the water off as fast as it came into the wet weather branch, and as a
result there formed on the south side of Lee Street on an adjoining
vacant lot a pool or pond of water, which in places reached a depth of
12 or 15 feet; that the plaintiff's intestate, and four other children went
to the pool to settle a discussion which arose as to who could better swim,
the intestate or his companion, Eddie Dyer; that when the boys reached
the pool the intestate, Charles Lee Hedgepath, took off his clothes and
dived into the water, and the water being over his head and he not being
able to swim, was drowned.

The action of the plaintiff is bottomed upon the theory that the defend-
ant maintained an attractive nuisance that lured children, including the
plaintiff's intestate, an immature child, and failed to exercise due care to
protect such children from the dangers incident thereto, and that this
failure to exercise due care was negligence that proximately caused the
death of said intestate.

Upon the plaintiff resting her case, the defendant moved the court to dismiss the action and for judgment as in case of nonsuit, and upon the close of all the evidence renewed its motion theretofore made, which was allowed (C. S., 567), and from judgment predicated on such ruling the plaintiff appealed, assigning errors.

*R. M. Gantt for plaintiff, appellant.*
*Claude V. Jones for defendant, appellee.*

SCHENCK, J.   In 38 Am. Jur., Negligence (subhead Attractive Nuisances), par. 142, it is written: "While the doctrine has been variously stated, the courts which accept it generally are in substantial accord with the proposition that one who maintains upon his premises a condition, instrumentality, machine, or other agency which is dangerous to children of tender years by reason of their inability to appreciate the peril therein, and which may reasonably be expected to attract children of tender years to the premises, is under a duty to exercise reasonable care to protect them against the dangers of the attraction.   Within the limitations herein considered, the doctrine is for the benefit of a meddling, as well as of a trespassing, child.   The result of such doctrine is that one is negligent in maintaining an agency which he knows, or reasonably should know, to be dangerous to children of tender years, at a place where he knows, or reasonably should know, children of tender years are likely to resort, or to which they are likely to be attracted by the agency, unless he exercises ordinary care for the protection of such indiscreet and youthful persons."   In par. 145, on the same subject at p. 811, it is written: "If the place or appliance cannot be said to possess a quality calculated to attract children generally, it must be shown that to the defendant's knowledge the injured child or others were in the habit of using it.   Knowledge of the presence of children is shown by proof that children were in the habit of playing on or about the offending appliance or place.   On the other hand, many instrumentalities do not in their character suggest, or impute knowledge, that children will make use of them to their injury, in which cases the doctrine of attractive nuisance does not apply."

Such being the law, we are impelled to hold that the action of the trial judge in sustaining the demurrer to the evidence was proper.

There is no evidence in the record which shows, or tends to show, that the defendant had any knowledge that the plaintiff's intestate ever at any previous time played or attempted to swim at or in the pool or pond of water in which he was drowned, or that any other children or child ever played or swam therein; indeed there is no evidence that any children or child ever, at any other time than on the fateful day of 22 May, 1942,

played or swam in the pool or pond. There is a total absence of any evidence that the defendant had any knowledge of any use being made by children of the pool as a place to play or swim, or for any other purpose, and of any allurement of such pool. In the absence of such evidence of such knowledge and of such allurement, the case of the plaintiff must fail.

In *Kramer v. R. R.,* 127 N. C., 328, 37 S. E., 468, which was an action to recover for the alleged wrongful death of the plaintiff's intestate, a child nine years of age, wherein it was alleged the intestate was injured and killed by the falling upon him of crossties which had been piled on the public highway and upon which the intestate had crawled or climbed, it is written: ". . . before they (the jury) could say that the intestate's injury and death were caused by the negligence of the defendant, they should inquire whether or not the defendant knew that the pile of crossties in the street was a common resort of little boys of tender years in that neighborhood to play, and the burden was on the plaintiff to show that the railroad company knew that fact, and that, if the defendant did not know it, then they should answer the issue as to the defendant's negligence, 'No.' That was a correct instruction."

The cases cited and relied upon by the plaintiff, appellant, *Brannon v. Sprinkle,* 207 N. C., 398, 177 S. E., 114; *Kramer v. R. R.,* 127 N. C., 328, 37 S. E., 468; *Ferrell v. Colton Mills,* 157 N. C., 528, 73 S. E., 142; *Starling v. Cotton Mills,* 171 N. C., 222, 88 S. E., 242; *Barnett v. Mills,* 167 N. C., 576, 83 S. E., 826; *Comer v. Winston-Salem,* 178 N. C., 383, 100 S. E., 619; *Cummings v. Dunning,* 210 N. C., 156, 185 S. E., 653, all differ from the case at bar in that in each of those cases it appears that the defendant had notice of the use as a play place of the alleged attractive nuisance by the plaintiff's intestate, a child, and/or by other children of such use being made thereof. In the case from which this class of cases takes its name, as the "turntable cases" (*Sioux City and Pacific R. R. Co., Plff. in Error, v. Stout, by his next friend,* 17 Wall., 657), it appears that children were known by the railroad company to play on the turntable. *Brannon v. Sprinkle, supra.*

The judgment of the Superior Court is

Affirmed.