FRANCES BARLOW, ADMINISTRATRIX OF JAMES EDWARD BARLOW, DECEASED, v. R. J. GURNEY, TRADING AND DOING BUSINESS AS IRENE COTTON MILLS.

(Filed 12 April, 1944.)

1. Negligence § 4d—

A person has the right to maintain an unenclosed pond or pool on his premises. It is not an act of negligence to do so.

2. Same—

When a person maintains premises attractive to children of tender years, which become a common playground for such children, and the owner knows or by the exercise of due care should know of such use of his premises, then it becomes his duty to exercise ordinary care to provide reasonably adequate protection against injury. Failure so to do constitutes negligence.

3. Same—

Attractiveness of the premises, as well as notice to the owner, may be shown by evidence that children were accustomed to play in and around the premises for such length of time that the owner knew or by the exercise of ordinary care should have known of such use thereof.

APPEAL by defendant from *Ervin, J.,* at August-September Term, 1943, of ALEXANDER.   Affirmed.

Civil action to recover damages for wrongful death.

Defendant owns and operates the Irene Cotton Mills and the surrounding mill village occupied by his employees.   He maintains on the premises an unenclosed pond, which is within 40 feet of the village church

and 20 feet of the road, and is in close proximity to the dwellings occupied by employees.

On 10 May, 1942, about 4:30 p.m., plaintiff's intestate, a child less than four years of age, while playing around the pond attempting to catch a tadpole, fell in and was drowned.

At the close of the evidence for plaintiff defendant moved for judgment as of nonsuit. The motion was denied, and defendant excepted. There was verdict and judgment for plaintiff, and defendant excepted and appealed.

*Lewis & Lewis and Burke & Burke for plaintiff, appellee.*

*Jones & Smathers and Sam Poole for defendant, appellant.*

BARNHILL, J. Defendant brings up and discusses only his exception to the ruling of the court denying his motion to nonsuit. Hence, the sufficiency of the evidence is the one question debated.

It may be that some conditions, instrumentalities, and machines are so inherently dangerous and attractive to children that the owner is charged with notice by the very nature of the thing itself. If so, such is not the case here.

A person has the right to maintain an unenclosed pond or pool on his premises. It is not an act of negligence to do so. *Hedgepath v. Durham,* 223 N. C., 822.

When, however, he exercises this right and children of tender years are attracted thereto and it becomes a common resort of persons of tender years to which they go to play, and it appears that the owner knows or by the exercise of ordinary care should know that it is being so used, then it becomes his duty to exercise ordinary care to provide reasonably adequate protection against injury. Failure so to do constitutes an act of negligence. Proximate cause is for the jury. *Starling v. Cotton Mills,* 168 N. C., 229, 84 S. E., 388; *Starling v. Cotton Mills,* 171 N. C., 222, 88 S. E., 242; *Comer v. Winston-Salem,* 178 N. C., 383, 100 S. E., 619; *Ferrell v. Cotton Mills,* 157 N. C., 528, 73 S. E., 142; *Brannon v. Sprinkle,* 207 N. C., 398, 177 S. E., 114; *Cummings v. Dunning,* 210 N. C., 156, 185 S. E., 653.

Also, it is generally held that the attractiveness of the premises as well as notice to the owner may be shown by evidence that children were accustomed to play in or around the premises for such length of time that the owner knew or by the exercise of ordinary care should have known that it was being so used.

The plaintiff offered evidence tending to show that the defendant over a period of years maintained an unenclosed pond within the mill village.

It was within sight of the mill itself. Children of tender age for a period of two or three years had "habitually" and "continually" "gathered up and played around the edge and all around the pond." Most of the children "played around the pond," fishing, playing, and catching tadpoles. Defendant's foreman on two or three occasions tried to run them off. Nothing further was done for their protection.

This testimony was amply sufficient to bring plaintiff's case within the principles enunciated in the above cited decisions in which the law has been fully and extensively discussed. Repetition here would serve no useful purpose.

It follows that the court below properly overruled the motion for judgment as of nonsuit.

The judgment below is

Affirmed.