ROBERT OTIS BOYETTE, BY HIS NEXT FRIEND, G. O. BOYETTE, v. ATLANTIC COAST LINE RAILROAD CO.

(Filed 7 May, 1947.)

**Negligence § 4b—Timbers piled on railroad platform in ordinary manner in conduct of business held not inherently dangerous within doctrine of attractive nuisance.**

The evidence tended to show that defendant railroad company piled used trestle timbers on its platform a short distance from a public road. Some of the timbers were piled with the narrow rather than the wider side down, and some had protruding bolts in them. The pile sloped a little, but there was no evidence that the timbers were piled in an unusual way. Plaintiff, a six-year-old boy, climbed upon the platform and was injured when one of the timbers fell on his foot. Children had been observed to play on piles of timber from time to time placed on the platform. *Held:* The pile of timber was not inherently dangerous, and under the circumstances defendant was not under duty to have anticipated and guarded against injury to children therefrom, nor does the evidence establish actionable negligence in the manner in which the timbers were piled.

APPEAL by plaintiff from *Burney, J.,* at September Term, 1946, of COLUMBUS. Affirmed.

Suit for damages for personal injury alleged to have been caused by the negligence of the defendant. At the close of plaintiff's evidence defendant's motion for judgment of nonsuit was allowed, and plaintiff appealed.

*Varser, McIntyre & Henry for plaintiff, appellant.*

*Poisson, Campbell & Marshall and E. K. Proctor for defendant, appellee.*

DEVIN, J. Plaintiff's appeal brings up for review the propriety of the ruling of the trial court in sustaining defendant's motion for judgment of nonsuit, and hence it becomes necessary to consider the evidence offered in order to determine its sufficiency to warrant submission of the case to the jury.

The material facts were these: The defendant operates a line of railroad through the northwest section of the Town of Chadbourn, the general direction being north and south. An unpaved street or road lies to the east of and parallel with defendant's tracks, some 40 or 50 feet

away. On defendant's right of way, between its tracks and the road, it maintains a platform, three feet high, and on this platform is piled from time to time timbers and crossties for use in the conduct of defendant's business. On the occasion complained of a pile of used trestle timbers had been placed on this platform parallel with the track. These timbers were 7 x 12 or 14 inches in size and approximately 16 feet long. Some were worn or decayed at the edges and partially rounded, and contained protruding bolts. Some were piled with the narrow rather than the wider side down. It was testified the pieces were piled up as well as they could be packed with the bolts in some of them, and the pile sloped a little. On the piles of lumber or crossties which from time to time were placed on the platform children had been observed to play.

On the afternoon of 12 February, 1943, the plaintiff, who was at that time 6 years of age, and living with his parents near by, climbed upon this platform and one of the timbers fell on his foot and crushed his toes. The plaintiff testified he was standing on the platform when one of the timbers rolled on his foot. "I was standing on the platform and I had not touched the piece that rolled off and hit my foot. It just bounced up . . . and I jumped off on the ground." He testified he had gotten on the platform and taken a step and started to take another when the timber rolled down and hit him.

Plaintiff's action is not bottomed on the principle of attractive nuisance as elucidated in the *Turntable Case* (*R. R. v. Stout,* 84 U. S., 657), but on negligence, in that the maintenance of a pile of bridge timbers on a platform on defendant's right of way adjoining an open road or street, coupled with defendant's knowledge of the habit of children to play on these piles of material, imposed upon the defendant the duty of exercising due care to guard against injury to such children which it should have foreseen was likely to occur, and that defendant's failure to perform its duty in this respect, and also in respect to the manner in which the timbers were piled, was the proximate cause of plaintiff's injury. In support of this position counsel for plaintiff cite *Kramer v. R. R.,* 127 N. C., 328, 37 S. E., 468. In that case crossties were piled at a street intersection in Marion, North Carolina, in the street, and a child playing on a pile of crossties was injured. One of the questions debated there was the effect of the imputation of negligence from obstructing the street. However, the Court said: "The defendant's negligence would not consist in piling the crossties in the street, but it would consist in its failure to guard against injury to the children, after it had learned of the habit of playing on the ties, and its failing to provide against their injury." This statement, by a divided Court, must be understood in relation to the facts of that case and the questions therein raised. The principle upon which liability for injury to children from the maintenance of inherently dangerous instrumentalities which are

attractive and alluring to them was discussed at length by *Justice Walker* in *Ferrell v. Cotton Mills,* 157 N. C., 528, 73 S. E., 142. In the opinion in that case the conclusion stated in *Brown v. Salt Lake City,* 33 Utah, 222, was quoted with approval as follows: "We are constrained to hold, therefore, that the doctrine of the turntable cases should be applied to all things that are uncommon and are artificially produced, and which are attractive and alluring to children of immature judgment and discretion, and are inherently dangerous, and where it is practical to guard them without serious inconvenience and without great expense to the owner." The legal principles involved in actions of this character have been frequently considered by this Court and rules of liability stated as applicable to varying circumstances. *Campbell v. Laundry Co.,* 190 N. C., 649, 130 S. E., 638; *Boyd v. R. R.,* 207 N. C., 390, 177 S. E., 1; *Brannon v. Sprinkle,* 207 N. C., 398, 177 S. E., 114; *Hedgepath v. Durham,* 223 N. C., 822, 28 S. E. (2d), 503; *Barlow v. Gurney,* 224 N. C., 223, 30 S. E. (2d), 226; 13 N. C. Law Review, 340, and cases cited.

In the case at bar the evidence does not disclose that the pile of bridge timbers was inherently dangerous, or that it was so attractive or alluring to children as to impose upon the defendant the duty to anticipate and guard against their efforts to play on and about it. Nor do we think the evidence is such as to impute actionable negligence to the defendant from the manner in which the timbers were piled. The timbers were on the defendant's right of way, on a platform erected for that purpose, and apparently piled in no unusual way, to be used in the conduct of its business. The immediate cause of the piece of timber rolling over on plaintiff's foot is not clear. We reach the conclusion that the injury complained of, under the circumstances as they are made to appear from the evidence in the record before us, was not one which reasonably should have been anticipated and guarded against by the defendant. "One of the elements of proximate cause essential in the establishment of actionable negligence is foreseeability." *Lee v. Upholstery Co., ante,* 88, 40 S. E. (2d), 688.

This view is supported by the decision in *Harris v. R. R.,* 220 N. C., 698, 18 S. E. (2d), 204. There a child was injured while playing on an empty and open freight car on defendant's track near a children's playground. Demurrer was sustained, as the facts alleged were held insufficient to show negligence. This Court declined to extend the imputation of liability on the part of the owner of premises for injury to a child, on the grounds here alleged, beyond reasonable and proper limits, or to include in the category of attractive nuisances every object of which childish imagination can make a plaything, quoting from *Twist v. R. R.,* 39 Minn., 164, as follows, "To the irrepressible spirit of curiosity and intermeddling of the average boy, there is no limit to the objects which can be made attractive playthings. In the exercise of his youthful

ingenuity, he can make a plaything out of almost anything, and then so use it as to expose himself to danger. If all this is to be charged to natural childish instincts, and the owners of property are to be required to anticipate and guard against it, the result would be that it would be unsafe for a man to own property, and the duty of the protection of children would be charged upon every member of the community except the parents of the children themselves."

Plaintiff's evidence failed to make out a case of actionable negligence so as to impose liability on the defendant for the unfortunate injury to the plaintiff's foot.

We have examined each of the plaintiff's exceptions to the rulings of the trial court in the taking of testimony, and find them insufficient to warrant disturbing the result reached below.

Judgment affirmed.