WILLIE BELLE NICHOLS, ADMINISTRATRIX OF JAMES STARKEY NICHOLS, DECEASED, v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 19 November, 1947.)

**Negligence § 4b—**

Maintenance of a circular unenclosed pool 6½ feet in diameter and 24 inches deep on railroad property across the street from a baseball ground or park where children were accustomed to play, does not impose liability for the death of a 2½ year old child found drowned in the pool, since such unfortunate occurrence was not one which reasonably should have been anticipated and guarded against.

APPEAL by plaintiff from *Stevens, J.,* at May Term, 1947, of BERTIE. Affirmed.

Action to recover damages for wrongful death of plaintiff's intestate alleged to have been caused by the negligence of the defendant. It was alleged that defendant negligently failed properly to safeguard a small pool which it permitted to be maintained on its right of way near its station in Aulander, N. C., and that in consequence plaintiff's intestate, a child of less than three years, was drowned.

At the close of plaintiff's evidence motion for judgment of nonsuit was allowed, and from judgment dismissing the action plaintiff appealed.

*J. W. Parker and S. R. Lane for plaintiff, appellant.*
*Rodman & Rodman for defendant, appellee.*

DEVIN, J.   Near its railroad station in Aulander, the defendant had
permitted the construction and maintenance of a small circular unen-
closed pool, six and one-half feet in diameter and twenty-four inches
deep.   There were some goldfish in the pool.   Across the street or road
from the pool was an open baseball ground or park in which children
were accustomed to play.   On the morning of 30 June, 1946, the plain-
tiff's intestate, aged two years and seven months, in company with four
other small children whose ages ranged from five to ten years, left the
home of the plaintiff, with her consent, crossed the railroad track and
went to the ball ground, some two hundred and forty feet distant.   After
the children had played a while, the intestate said he was going home and
left, going in that direction.   Sometime afterward this child was found
in the pool, drowned.

The plaintiff asks recovery for the death of the child on the principle
enunciated in *Barlow v. Gurney,* 224 N. C., 223, 29 S. E. (2d), 681;
*Cummings v. Dunning,* 210 N. C., 156, 185 S. E., 653, and *Brannon v.
Sprinkle,* 207 N. C., 398, 177 S. E., 114.   But here the record is lacking
in evidence that the small shallow pool described was the common resort
of children, or that small children played in and around it to such an
extent as to impose upon the defendant the duty of exercising due care
to safeguard it.   Nor is the evidence such as to invoke the principle of
liability for injury to children from the maintenance of inherently dan-
gerous instrumentalities which are attractive and alluring to them as
discussed by *Justice Walker* in *Ferrell v. Cotton Mills,* 157 N. C., 528,
73 S. E., 142. . See also *Harris v. R. R.,* 220 N. C., 698, 18 S. E. (2d),
204; *Boyette v. R. R.,* 227 N. C., 406, 42 S. E. (2d), 462, and cases
cited.   There was nothing to put the defendant on notice of any danger
reasonably to be apprehended from the maintenance of the pool.   Indeed,
the plaintiff, the mother of the child, testified: "It did not occur to me
that it was dangerous, or that the child would drown."   It was said in
*Lee v. Upholstery Co.,* 227 N. C., 88, 40 S. E. (2d), 688, that "It must
be made to appear that the injury was the natural and probable conse-
quence of the negligent act and ought to have been foreseen in the light
of attending circumstances."

Deplorable as was the death of the child by drowning in the shallow
pool, the evidence does not make it appear that this unfortunate occur-
rence was one which reasonably should have been anticipated and guarded
against by the defendant.   *Boyette v. R. R., supra; Hedgepath v. Dur-
ham,* 223 N. C., 822, 28 S. E. (2d), 503.

The judgment of nonsuit will be upheld.

Affirmed.