CHARLES S. STRIBBLING AND CATHERINE R. STRIBBLING; H. L. HAMILTON AND HELEN HAMILTON, MRS. R. C. MOORE v. J. C. LAMM AND BLANCHE LAMM.

(Filed 24 February, 1954.)

**1. Pleadings § 15—**

A demurrer admits the truth of the allegations of fact contained in the pleading and ordinarily relevant inferences of fact necessarily deducible therefrom, but it does not admit conclusions or inferences of law.

**2. Negligence § 4b: Injunctions § 4d—**

Allegations to the effect that defendants constructed a dam creating an artificial pond on defendants' land, without allegation of any unusual condition or artificial feature other than the mere existence of the pond, *is held* insufficient to state a cause of action to enjoin the maintenance of the pond or to abate it as an attractive nuisance, allegations that it constituted a nuisance and dangerous condition being disregarded as mere conclusions of law, and the maintenance of an unenclosed pond not being negligence *per se.*

BOBBITT, J., took no part in the consideration or decision of this case.

APPEAL by defendants from *Carr, J.,* at September Term, 1953, of ALAMANCE, to Fall Term, 1953, of Supreme Court,—carried over to Spring Term, 1954.

Civil action to enjoin the maintenance of a pond on the lands of defendants, and to abate same as an attractive nuisance,—heard upon demurrer to the complaint on the ground that it fails to state facts sufficient to constitute a cause of action.

The complaint alleges, briefly stated:

1. That plaintiffs are citizens and residents of Alamance County, North Carolina, residing in or near the northwestern edge of the limits of the city of Burlington.

2. That defendants, also citizens and residents of Alamance County, North Carolina, own a considerable acreage of real property near the northwestern edge of the city of Burlington, including the pond referred to in the complaint, near the homes of the plaintiffs, through which real property a small stream runs, across which in or about the year 1950 defendants built a high dam, thereby causing the water of the stream north of the dam to back up, and to form a pond several hundred yards long, and several hundred feet wide and "in places" more than ten feet deep.

3. That this pond is located in a thickly populated residential district near the city of Burlington, in close proximity to the homes of plaintiffs, and to apartment buildings in which some of them, and others reside, and within a few hundred feet of many other citizens and residents of that section, and near streets where not only the plaintiffs, but a large number of other people live and travel, and defendants have failed to build a fence or to erect protective devices around the pond to prevent children or others from going to the pond for amusement and other purposes.

4. That many of the plaintiffs and others in the neighborhood, within a few hundred feet of the pond, are parents of children, small, and of various ages, to all of whom, and to all persons in said thickly settled community, said pond is a constant danger.

5. That the construction and maintenance of the pond, without any protection whatever for purposes aforesaid, are in violation of the rights of plaintiffs and of others, and if permitted to be continued without a fence or other protecting device will work irreparable and permanent injury and loss to plaintiffs and to others,—and constitutes a nuisance, and plaintiffs and the public will be endangered thereby, and the children, small and larger, of plaintiffs and of others will be constantly exposed to death and great bodily harm.

6. That there is likelihood that children and others will be, and have been attracted to said pond, by its attractive nature, and are inclined to go there and do go there; that the condition is uncommon and artificially produced by defendants and is inherently dangerous and amounts to an invitation to visit and inspect the place, extended to children and others;

"that a small child, who lived in one of the homes near and in the vicinity . . . has recently been attracted to said pond and was drowned therein because of the dangerous condition thereof and the lack of protection; and that there is serious and continuing danger that other children and other persons in and near the said community and near the said pond . . . and plaintiffs will suffer irreparable damage unless the defendants are restrained from maintaining and keeping the said nuisance in the way in which they are maintaining and keeping it."

Wherefore, the plaintiffs pray (1) for an injunction against the continuance and maintenance of the pond "without protection and protective devices for the protection of children and of all persons"; (2) for judgment abating "the said nuisance and dangerous condition herein complained of and be required to furnish adequate protection to the plaintiffs and to the families of the plaintiffs and to others residing in said vicinity"; etc.

The defendants demurred to the complaint upon the ground that it does not state facts sufficient to constitute a cause of action against defendants in that: "(1) As a matter of law, an ordinary lake or pond, natural or artificial, even within a few hundred feet of neighboring dwellings, is not a nuisance *per se,* and the plaintiffs do not allege the existence of any concealed or unusual hazard or of any special allurement, such as a sand beach, raft, boat, floating objects, pier or springboard, in support of their characterization of the defendants' lake as an attractive nuisance; (2) In that the complaint does not allege nor is it made to appear that the defendants owed the plaintiffs or the public the duty to take any action or precaution with regard to such body of water, or that defendants owed the plaintiffs any special duty whatsoever; (3) In that the complaint does not allege nor is it made to appear that the plaintiffs or the public had any right to go upon the premises of the defendants or to use the same for any purpose whatsoever; (4) In that the complaint does not allege nor is it made to appear that the pond upon the defendants' premises was used by the plaintiffs or the public, or that the defendants knew that the plaintiffs were in the habit of going on said premises, or had ever invited them there; and (5) That the complaint does not state any cause of action."

When the cause came on for hearing upon the demurrer, the court being of opinion that it should be overruled, so adjudged, and defendants objected and excepted thereto, and appeal to the Supreme Court and assign error.

*Allen & Allen and Young, Young & Gordon for plaintiffs, appellees.*
*Cooper, Long, Latham & Cooper for defendants, appellants.*

STRIBBLING v. LAMM.

WINBORNE, J. The sole assignment of error presented on this appeal is directed to the ruling of the trial court in overruling the demurrer entered by defendants.

"The office of demurrer is to test the sufficiency of a pleading, admitting, for the purpose, the truth of the allegations of fact contained therein, and ordinarily relevant inferences of fact, necessarily deducible therefrom, are also admitted, but the principle does not extend to the admissions of conclusions or inferences of law," *Stacy, C. J.,* in *Ballinger v. Thomas,* 195 N.C. 517, 142 S.E. 761. See also *McCampbell v. B. & L. Assn.,* 231 N.C. 647, 58 S.E. 2d 617; also *Clinard v. Lambeth,* 234 N.C. 410, 67 S.E. 2d 452.

Now in respect to the matters alleged in the complaint: In *Fitch v. Selwyn Village,* 234 N.C. 632, 68 S.E. 2d 255, in opinion by *Denny, J.,* this Court said: "The overwhelming weight of authority in this country is to the effect that ponds, pools, lakes, streams, reservoirs, and other bodies of water, do not *per se* constitute attractive nuisances. 56 Am. Jur., Water, Section 436, p. 850. 'The attractive nuisance doctrine generally is not applicable to bodies of water, artificial as well as natural, in the absence of some unusual condition or artificial feature other than the mere water and its location,' 65 C.J.S., Negligence, Sec. 29 (12) j, p. 475. It is, therefore, not negligence *per se* to maintain an unenclosed pond, pool, lake, or reservoir on one's premises," citing *Barlow v. Gurney,* 224 N.C. 223, 29 S.E. 2d 681, and *Hedgepath v. Durham,* 223 N.C. 822, 28 S.E. 2d 503.

Testing the sufficiency of the allegation of fact by the rule stated above, in the light of the principles set forth in the *Fitch case,* this Court is of opinion that the demurrer is well taken, and should have been sustained. True there are allegations of conclusions of law, but these may not aid the pleader. Indeed, they are in conflict with the *Fitch case.*

For reasons stated the judgment overruling the demurrer is

Reversed.

BOBBITT, J., took no part in the consideration or decision of this case.