SHIRLEY F. LEONARD, GUARDIAN AD LITEM FOR TERRI JEAN LEONARD, A MINOR, AND SHIRLEY F. LEONARD, INDIVIDUALLY, PLAINTIFF-APPELLANTS V. LOWE'S HOME CENTERS, INC., DEFENDANT-APPELLEE

No. COA98-13

(Filed 3 November 1998)

**Negligence— attractive nuisance—natural conditions—mowing and bush-hogging slope—artificial condition not created**

A judgment dismissing plaintiff's complaint with prejudice was affirmed where plaintiff sought to recover damages for injuries sustained by her daughter when she rode her bicycle down a path on a steep slope maintained by defendant and collided with a car; defendant's motions for summary judgment and directed verdict at the close of plaintiff's evidence were denied;

the jury found defendant negligent but the minor plaintiff contributorily negligent and judgment was entered on the verdict; plaintiff appealed, requesting a new trial; and defendant cross-assigned as error the denial of its motion for directed verdict. The doctrine of attractive nuisance does not apply; defendant's actions in mowing and bush-hogging the property were reasonable steps in maintaining the land rather than the negligent maintenance of an artificial condition dangerous to children of tender years.

Appeal by plaintiffs from judgment entered 14 July 1997 by Judge H. W. Zimmerman, Jr., in Davidson County Superior Court. Heard in the Court of Appeals 23 September 1998.

*Gabriel Berry & Weston, L.L.P., by M. Douglas Berry and Robert A. Wells, for plaintiff-appellants.*

*Karl N. Hill, Jr., and Allan R. Gitter for defendant-appellee.*

MARTIN, John C., Judge.

Plaintiff seeks to recover damages for personal injuries on behalf of her minor daughter, Terri Jean Leonard, and medical expenses. On 7 August 1990, nine-year-old Terri Jean was seriously injured when she rode her bicycle down a dirt pathway on a steep slope from defendant's property into the street and collided with a car. The slope is located partially upon defendant's property, and was created when defendant graded its property for development as a store site in 1986. Since developing the property, defendant has maintained the area by mowing it. Neighborhood children have used the property to walk to schools located across the street, and have worn a path across the slope. Plaintiffs alleged the pathway on the steep slope is a dangerous condition subjecting defendant-landowner to liability under the doctrine of attractive nuisance.

Defendant answered, denying the material allegations of the complaint and asserting the minor's contributory negligence as an affirmative defense. Defendant's motion for summary judgment was denied, as was its motion for directed verdict at the close of the plaintiffs' evidence at trial. A jury found defendant negligent but found the minor plaintiff contributorily negligent. A judgment was entered upon the verdict, dismissing the action with prejudice. Plaintiffs appeal.

LEONARD v. LOWE'S HOME CTRS.

[131 N.C. App. 304 (1998)]

In support of their request for a new trial, plaintiffs argue ten assignments of error in which they complain the trial court erred by submitting the issue of contributory negligence to the jury and by excluding certain evidence. Defendant cross-assigns error to the denial of its motion for summary judgment, and the denial of its motion for a directed verdict. Defendant's second assignment of error is dispositive of this appeal.

N.C.R. App. P. 10(d) permits an appellee, without taking an appeal, to cross-assign as error an act or omission of the trial court which deprives the appellee of an alternative legal ground for supporting the judgment in its favor. *Carawan v. Tate*, 304 N.C. 696, 286 S.E.2d 99 (1982). By its second cross-assignment of error, defendant contends, as an alternative grounds for upholding the trial court's judgment dismissing plaintiffs' claims, that the trial court erred in denying its motion for directed verdict, because the evidence was insufficient to invoke the doctrine of attractive nuisance. Because we find merit in defendant's argument, we need not address plaintiffs' assignments of error.

Defendant's motion for directed verdict raises the legal question of whether the evidence, when considered in the light most favorable to the plaintiffs, is sufficient to submit to the jury. *Samuel v. Simmons*, 50 N.C. App. 406, 273 S.E.2d 761, *disc. review denied*, 302 N.C. 399, 279 S.E.2d 352 (1981). The trial court must give plaintiff the benefit of every reasonable inference which can be drawn from the evidence in determining whether the evidence is sufficient to withstand the motion for a directed verdict. *Id.*

"As set forth in Restatement (Second) of Torts § 339 (1965), generally the elements of an action based on a theory of attractive nuisance are as follows:"

*Artificial Conditions Highly Dangerous to Trespassing Children.*

A possessor of land is subject to liability for physical harm to children trespassing thereon caused by an *artificial condition* upon the land if:

(a) the place where the condition exists is one upon which the possessor knows or has reason to know that children are likely to trespass, and

(b) the condition is one of which the possessor knows or has reason to know and which he realizes or should realize will involve an unreasonable risk of death or serious bodily harm to such children, and

(c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling with it or in coming within the area made dangerous by it, and

(d) the utility to the possessor of maintaining the condition and the burden of eliminating the danger are slight as compared with the risk to children involved, and

(e) the possessor fails to exercise reasonable care to eliminate the danger or otherwise to protect the children (emphasis added).

*Broadway v. Blythe Industries, Inc.*, 313 N.C. 150, 154, 326 S.E.2d 266, 269 (1985); *Griffin v. Woodard*, 126 N.C. App. 649, 651-52, 486 S.E.2d 240, 242, *disc. review denied*, 347 N.C. 266, 493 S.E.2d 453 (1997).

Although the drafters of the Restatement have expressed "no opinion as to whether the rule stated in this Section may not apply to natural conditions of the land," Restatement 2d. § 339 caveat (1965), North Carolina case law limits the application of the doctrine to conditions that are not natural and obvious—i.e., "artificial."

"A danger which is not only obvious but natural, considering the instrumentality from which it arises, is not within the meaning of the attractive nuisance doctrine, for the reason that an owner or occupant is entitled to assume that the parents or guardians of a child will have warned him to avoid such a peril. Pits and excavations on land embody no dangers that are not readily apparent to everyone, even very young children. For this reason, the proprietor is under no obligation, as a rule, to fence or otherwise guard such places, and he will not be liable for injuries to children who may have fallen therein."

*McCombs v. City of Asheboro*, 6 N.C. App. 234, 243, 170 S.E.2d 169, 176 (1969) (quoting 38 Am.Jur., Negligence, § 151, p. 818); *see also Fitch v. Selwyn Village*, 234 N.C. 632, 635, 68 S.E.2d 255, 257 (1951) ("The rule with respect to liability for these dangers which exist in nature," is that the landowner's "liability bears a relation to the char-

**LEONARD v. LOWE'S HOME CTRS.**

[131 N.C. App. 304 (1998)]

acter of the thing whether natural and common, or artificial and uncommon.").

In *McCombs*, a six-year-old child was killed by a collapsing ditch, excavated in the construction of a sewer line. The court held that while, "[t]his creates some obvious danger, . . . we do not categorize it as an attractive nuisance. Nor do we perceive that the city had any duty to place a fence the entire length of the ditch. Neither was there any duty on the part of the city to shore up the sides of the ditch." *Id.* at 244, 170 S.E.2d at 176.

In addition to "pits and excavations on land," bodies of water and streets have generally been considered so natural, pervasive and obvious a danger, that landowners cannot be expected to protect young children from the dangers—despite their allurement to children of tender years. *Hedgepath v. City of Durham*, 223 N.C. 822, 823, 28 S.E.2d 503, 504-05 (1944) (landowner has right to maintain an unenclosed pond or pool on his premises without being found negligent). "Streets, like streams, cannot be easily guarded and rendered inaccessible to children." *Fitch*, at 635-36, 68 S.E.2d at 257-58 ("A street is ordinarily an unsafe place for a child of tender years to play, but the location of a house near a street, does not impose upon the landlord any obligation to protect his tenant from injury caused by playing in such street.").

The distinction between artificial conditions and "natural and obvious" risks is not always clear. As the cases show, the mere fact that a landowner has actively altered conditions on the land is insufficient to make a condition "artificial." Some human-made conditions are so common, obvious, and pervasive as to constitute "natural" conditions exempt from the doctrine of attractive nuisance. Courts have considered several factors in determining whether a condition is artificial or "natural and obvious":

(1) Is the condition so common, expansive, or pervasive that it is an unreasonable burden to require all landowners to insulate children from the risk? *Walker v. Sprinkle*, 267 N.C. 626, 630, 148 S.E.2d 631, 634 (1966) ("No one is an insurer of the safety of children merely because he is the owner of places that may appeal to their youthful fancies. It is required only that he take reasonable precautions to prevent injury to them.") As this Court stated in *McCombs*, " '[t]he use of property, to which an owner is entitled, should not be encumbered with the necessity of taking precautions against every conceivable danger to which an irrepressible spirit of adventure may lead a child.

LEONARD v. LOWE'S HOME CTRS.

[131 N.C. App. 304 (1998)]

There is no duty to take precautions where to do so would be impracticable, unreasonable, or intolerable.' " *McCombs* at 244-45, 170 S.E.2d at 176-77 (quoting 38 Am.Jur., Negligence, § 147, p. 813).

(2) Is the risk so common or pervasive that parents, rather than landowners, should have the duty to instruct their young children about safety and supervise their conduct? *Fitch* at 635, 68 S.E.2d at 257 ("As to common dangers, existing in the order of nature, it is the duty of parents to guard and warn their children, and, failing to do so, they should not expect to hold others responsible for their own want of care.")

(3) Has the landowner actively developed or maintained some condition, beyond the ordinary servicing of the property, that has created some unreasonable risk to young children? *Hedgepath* at 823, 28 S.E.2d at 504 ("[t]he result of such doctrine is that one is negligent in maintaining an agency which he knows, or reasonably should know, to be dangerous to children of tender years"); *Hawkins v. Houser*, 91 N.C. App. 266, 371 S.E.2d 297 (1988) (considering, as a factor, that defendants did nothing to either conceal or enhance the danger). While none of these factors are controlling, they may assist in determining whether a condition is "artificial" or "natural and obvious."

The down-hill path in the present case, like the excavation in *McCombs*, is a natural and obvious condition, creating no legal duty upon defendant to take precautions against harm to young children. Plaintiffs contend that defendant created a dangerous condition when developing the hill and regularly mowing the property. Plaintiffs agree that children, rather than the land owner, created the path by crossing defendant's land. The path is a natural and obvious condition; defendant's actions in mowing and bush-hogging the property were reasonable steps in maintaining the land, rather than the negligent maintenance of an artificial condition dangerous to children of tender years. Thus, we hold there was no evidence of an "artificial condition" on defendant's property involving an unreasonable risk of harm to children, the doctrine of attractive nuisance does not apply, and defendant's motion for directed verdict should have been allowed.

None of the assignments of error argued by plaintiffs, if sustained, would result in the availability of evidence to demonstrate the existence of an "artificial" condition or instrumentality of harm within the doctrine of attractive nuisance. Thus, plaintiffs' assign-

ments of error are inconsequential to our decision and we need not discuss them.

For the reasons stated, the judgment dismissing plaintiffs' complaint with prejudice is affirmed.

Affirmed.

Judges TIMMONS-GOODSON and HORTON concur.